RAPID CITY NATIONAL BANK, Appellant, v.
SPOUSE et al., Respondents

(44 N. W.2d 437)

(File No. 9150. Opinion filed October 23, 1950)

**Geo. A. Bangs, W. A. McCullen,** and **Robert W. Gunderson,** all of Rapid City, for Plaintiff and Appellant.

**John C. Farrar, Roswell Bottum,** Rapid City, for Jean Spouse.

Jerry G. Brennan, Rapid City, for Victor Spouse.

C. E. Carrell, Deadwood, for John Jackson, Defendants and Respondents.

SMITH, J. The brief of appellant opens with this statement, viz: "The sole question to be determined in this appeal is the proper place for filing a chattel mortgage on an automobile." Appellant argues that question under assignments which assail the conclusions of law of the learned trial court.

The following facts are recited by unquestioned findings. Defendants Victor Spouse and Jean Spouse were husband and wife and for many years prior to October 29, 1947 were legal residents of Custer County, South Dakota. On the 28th day of July 1947, as security for a loan of $3,000, Victor Spouse executed and delivered to plaintiff his chattel mortgage which described a Cadillac automobile and a Schultz Trailer House. The described mortgage was promptly filed in the office of the register of deeds of Custer County. Neither the original nor an authenticated copy thereof was filed in any other county of South Dakota. In a divorce proceeding, as a part of a property settlement, the automobile and trailer house were transferred to Jean Spouse for a fair and valuable consideration on the 29th day of October, 1947. At the time of such transfer Jean Spouse had no knowledge of the chattel mortgage. On the 21st day of July defendant John Jackson purchased the trailer house from Jean Spouse for $2,000 at Spearfish, Lawrence County, South Dakota, and received possession thereof. Jean Spouse held a certificate of title to the trailer house and assigned and delivered the same to Jackson. Defendant Jackson had no knowledge of the mortgage to plaintiff at the time he purchased the trailer house.

We quote the following unquestioned finding: "That on the said 28th day of July, the date of the execution and delivery of said mortgage and on the 29th day of July, the date of the filing of said Chattel Mortgage in the office of the Register of Deeds of the County of Custer, as aforesaid, the said Cadillac automobile and the said Shultz Trailerhouse described in said Chattel Mortgage was not situated or

or physically present within the said County of Custer, South Dakota, and that said Cadillac automobile and Shultz Trailerhouse were not physically located or present in the County of Custer or situated therein at any time subsequent to the execution, delivery and filing of said Chattel Mortgage."

. The trial court concluded that the chattel mortgage was void as against defendants Jean Spouse and John Jackson and accordingly entered judgment dismissing this action of foreclosure as against them. The appeal is from the judgment.

The question for decision is whether, in the described circumstances, the filing of the chattel mortgage in the office of the register of deeds of the county in which the mortgagor resided at the time of its delivery and filing operates as notice thereof to subsequent purchasers thereof in good faith and for value.

The controlling statutes read as follows:

"A mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property in good faith for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated." SDC 39.0408.

"A single mortgage of personal property, embracing several things of such character or so situated that by provisions of statute separate mortgages upon them would be required to be filed in different counties, is valid only in respect to the things as to which it is duly filed; but a copy of the original mortgage, authenticated by the register of deeds in whose office it is filed, may be filed in any other county with the same effect upon the property situated therein as the filing of the original mortgage." SDC 39.0409.

"The filing of a mortgage of personal property in conformity to the statutes applicable, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of the property as is at the time of such filing situated in the county or counties where such mortgage or authenticated copy is filed." SDC 39.0410.

■ By unambiguous sentences these sections express a legislative intention to provide that a chattel mortgage be filed in the county where personal property is physically situated. It is not an uncommon requirement. 14 C.J.S., Chattel Mortgages, § 151, p. 755. We declare that intention. Hence, the question appellant propounds must be considered in the light of this declared legislative intention.

It is the mobility of the automobile and the fact that while in use its physical situs is constantly changing, thus rendering it difficult for a mortgagee to determine where to file his mortgage and for third persons to know where they are bound to search for existing mortgage liens, which supplies appellant with some basis for its advocacy of a holding that an automobile, for chattel mortgage purposes, is "situated" at the place of residence of its owner. Because the physical situs of an automobile will not necessarily be at the residence of its owner, we entertain the view that such a holding is unwarranted. The need for amendment or revision of these sections must be met by the legislative branch of our government.

The legislature has not failed to understand that personal property which is situated in one county of this state may be temporarily in other counties of the state. In defining the crime of "removing mortgaged personal property", SDC 13.4402, it used these revealing words, "Every mortgagor of personal property who * * * removes any part of the property covered by such mortgage from the county in which such mortgage is filed **except temporarily in accordance with the usual and customary use of the same or similar kinds of property** while the lien of his mortgage remains in force and unsatisfied without the written consent of the then holder of such mortgage, shall be guilty of a felony * * *." And see SDC 39.0413.

■■ Thus it becomes obvious that the legislature contemplated the commonly known fact that certain kinds of chattels are kept or "situated" at a place or base in the state for use throughout the state. We conclude that the base or place in which such property is kept and to which it is to be returned after use elsewhere is the place of its situs for

chattel mortgage purposes, according to the revealed intention of the legislature. In other words, for chattel mortgage purposes, all personal property, including mobile chattels, is "situated" where it is regularly kept for use.

It is noteworthy that the legislature so expressed its intention in dealing with conditional sales contracts. SDC 54.0206 provides: "The conditional sale contract or copy shall be filed in the office of the register of deeds of the county in which the goods are first kept for use * * *."

■ The evidence is not before us, and we do not understand counsel to contend that the findings disclose facts which impel a conclusion that the property in question was regularly kept for use in Custer County at the time the mortgage was executed and filed.

Being of the opinion that the findings support the conclusions of the trial court, its judgment is affirmed.

All the Judges concur.