BUCHANAN COUNTY, Respondent,

v.

STATE TAX COMMISSION of Missouri, Hunter Phillips, Harold L. Love, and Ralph J. Hutchinson, members, Defendants,

Crouch Brothers, Inc., Appellant.

No. 51680.

Supreme Court of Missouri, Division No. 2.

Nov. 14, 1966.

Thomas A. Duty, Pros. Atty., Buchanan County, and W. H. Utz, Jr., of Smith, Utz, Litvak & Thackery, St. Joseph, for respondent.

Louis Kranitz, Theodore M. Kranitz, St. Joseph, for appellant.

STOCKARD, Commissioner.

■ In a proceeding pursuant to Civil Rule 100, V.A.M.R., for judicial review of the decision and order of the Missouri State Tax Commission (hereafter referred to as the "Commission"), the Circuit Court of Buchanan County remanded the case to the Commission with directions that certain evidence be received and considered by the Commission, and for a new decision then to be rendered. The affected taxpayer, Crouch Brothers, Inc. (hereafter referred to as "Crouch Brothers") has appealed. This court has appellate jurisdiction because Buchanan County is a party, and also because the case involves the construction of the revenue laws of this state.

Section 137.095 RSMo 1959, V.A.M.S.,[1] provides that all tangible personal property of business and manufacturing corporations "shall be taxable in the county in which such property may be situated on the first day of January of the year for which such taxes may be assessed, and every business or manufacturing corporation having or owning tangible personal property on the first day of January in each year, which shall, on said date, be situated in any other county than the one in which said corporation is located, shall make return thereof to the assessor of such county or township where situated, in the same manner as other tangible personal property is required by law to be returned."

Crouch Brothers is a corporation engaged in the trucking business and has its principal place of business in Buchanan County, Missouri. It made a timely return to the assessor of Buchanan County of its tangible personal property, and it listed thereon 64 items consisting of cars, trucks, tractors and semi-trailers. During 1964, apparently after June 1, the assessor of Buchanan County received from the Missouri Department of Revenue (furnished pursuant to Section 137.116 Cum.Supp.Mo.Rev. Stat., V.A.M.S. pocket parts) a list of motor vehicles and trailers registered with that department in the name of Crouch Brothers. This information was made available to the Buchanan County board of equalization, and either at the direction of the board or by act of the assessor (one of the fact issues in this case) the 239 vehicles belonging to Crouch Brothers were added to the tax assessment list on August 19, 1964. The assessor had no knowledge, and apparently the board of equalization made no effort to determine, whether any of these vehicles were physically present in Buchanan County on January 1, 1964. The president of Crouch Brothers testified before the Commission that none of the vehicles was in Buchanan County on January 1, 1964, and that all of the 239 vehicles were "based" at places other than Buchanan County. After an appeal by Crouch Brothers to the Commission, and after a hearing, the Commission held that the additional assessment "predicated upon the supplemental list of 239 motor vehicles added to the original assessment of [Crouch Brothers] is not supported by law and therefore [is] invalid and void." It cannot be determined whether the Commission reached this result on the basis that the assessor purported to add the 239 vehicles to the assessment of Crouch Brothers after June 1, 1964, when he had no authority to do so, see Section 137.115, or on the basis that the 239 vehicles were not "situated" in Buchanan County on January 1, 1964, or both. Findings of fact consistent with each basis were made. During the hearing before the Commission, counsel for

---

1. This section was amended in 1965. See Cum.Supp.Mo.Rev.Stat., V.A.M.S. pocket parts. Reference in this opinion to "Section 137.095" refers to its provisions which were in effect and which governed the assessment of tangible personal property of business and manufacturing corporations for the year 1964.

Buchanan County sought to question the president of Crouch Brothers whether "the personal taxes [have] been paid on any of these [239] vehicles in any other county," but an objection was sustained on the ground that the only issue was "whether or not, under the statutes, they should have been assessed" in Buchanan County.

The trial court held that the Commission erred in three particulars. 1. It had erroneously found that the assessor, and not the county board of equalization, had made the additional assessment. 2. The Commission refused to receive competent and relevant evidence, and for that reason its decision was arbitrary and capricious. 3. The Commission had erroneously defined the word "situated" as used in Section 137.095 as meaning physically present.

Crouch Brothers first contends on this appeal that the trial court erred in ruling that "the act of the assessor in making up his assessment was the act of the board of equalization." It is the position of Crouch Brothers that pursuant to Section 137.115, the authority of the assessor to add omitted property to the tax list for 1964 expired after June 1, and for that reason the addition by him of the 239 items on August 19 was void and of no effect. The Commission found and declared that the assessor "can proceed only at the time and in the manner prescribed by the statute," citing Section 137.130, and that "such a list must be made up between January 1st and June 1st," citing Section 137.115. The Commission further found, as a fact, that "none of the equipment comprising the additional assessment * * * was in Buchanan County on January 1, 1964." There is no plainly stated finding that the additional assessment of the 239 vehicles was made by the assessor after June 1, but such a finding appears by implication.

The evidence discloses that the assessor received the list of additional 239 vehicles from the Department of Revenue, but the time he received the list is not shown. "Sometime during the month of July," the assessor "made up a list" of the 239 vehicles and "presented it" to the board of equalization. On August 19, 1964, a letter (which we set forth exactly as it appears in the transcript) was sent to Crouch Brothers from the Buchanan County Board of Equalization as follows: "With reference to the appeal before the Board of Equalization of Buchanan County, August 18, 1964, in which your appeal against the assessment of the (vehicles enclosed). The action that the Board of Appeals took, is as follows: that Crouch Brothers, Inc. has not shown cause under Section 138.070, why they should not be added to the assessment, and/or assessed for the year 1964, the two hundred, thirty-nine vehicles are assessed at $235,950 to be added to this year's list, 1964."

Section 138.070 authorizes the county board of equalization "to assess and equalize the value of any property that may have been omitted from the assessor's books then under examination." The addition of the vehicles to the assessment list occurred on August 19, 1964. While the evidence is not as complete as it should and easily could have been, it establishes that the addition of the 239 vehicles to the assessment list was the act of the board of equalization and not the act of the assessor. No other reasonable conclusion can be reached from the evidence when considered as a whole, and we agree with the trial court that the finding of the Commission to the contrary, if in fact such a finding was made, is not supported by competent evidence. The decision of the Commission that the additional assessment is "invalid and void" cannot be sustained on the basis that it was made on August 19 by the assessor.

The remaining issues are whether the word "situated" as used in Section 137.095 means physically present, as the findings of the Commission indicate it found, and if not whether the Commission erroneously refused to receive competent evidence bearing on the issue of where the vehicles in-

cluded in the additional list were situated for tax purposes.

■ The provision that tangible personal property "shall be taxable in the county in which such property may be situated" on a stated day is not the same as providing that the property shall be taxable where "physically present" on that day. In its application to personal property, the word "situated" as used in a statute authorizing or directing the taxation of property, connotes a more or less permanent location or situs. Brock & Company v. Board of Supervisors of Los Angeles County, 8 Cal.2d 286, 65 P.2d 791, 110 A.L.R. 700. See also Colonial Life & Accident Insurance Co. v. South Carolina Tax Commission, 233 S.C. 129, 103 S.E.2d 908, 919; Appeal of Pilot Freight Carriers, Inc., 263 N.C. 345, 139 S. E.2d 633; Assessors of Sheffield v. J. F. White Contracting Co., 333 Mass. 306, 130 N.E.2d 696. Yellow Mfg. Acceptance Corporation v. Rogers, 235 Mo.App. 96, 142 S. W.2d 888, pertained to a statutory requirement that a mortgage be recorded "where the property mortgaged was situated at the time of executing such mortgage." After quoting from the Brock case, supra, the court stated that the word "situated" as used in the statute "clearly implies some element of permanency." When used in statutes referring to the taxation or mortgaging of personal property, the word "situated" has been held to require more than a mere temporary presence. Montague Bros. Inc. v. W. C. Shepherd Co., 231 N.C. 551, 58 S.E. 2d 118; Assessors of Sheffield v. J. F. White, supra. It has also been held that temporary presence is not sufficient, General Exchange Insurance Corporation v. Dudley, Tex.Civ.App., 128 S.W.2d 452, and that the word "situated" refers to the place where the personal property is regularly kept, Rapid City Nat. Bank v. Spouse, 73 S.D. 493, 44 N.W.2d 437, with a more or less permanent location or situs. Universal C.I.T. Credit Corp. v. Walters, 230 N.C. 443, 53 S.E.2d 520, 10 A.L.R.2d 758. We conclude from the language of Section

137.095, and from the interpretation of similar language in the above cited authorities, that the action of the Buchanan County Board of Equalization in adding the 239 vehicles to the tax assessment list solely on the basis that the records of the Department of Revenue showed that they were registered in the name of Crouch Brothers was arbitrary, unreasonable and erroneous. We further conclude that the Commission was in error in ruling that they were not taxable in Buchanan County for the sole reason that they were not physically present in that county on January 1, 1964. Whether these 239 vehicles were subject to being placed on the tax assessment list in Buchanan County depended upon whether on January 1, 1964, they were regularly kept there, that is, whether the permanent situs or location of the vehicles was in Buchanan County. This is a fact issue which has not yet been decided in this case.

■ The judgment of the trial court that the Commission excluded competent and relevant evidence is limited to the ruling of the Commission sustaining an objection to the question whether Crouch Brothers had "paid" taxes on the 239 vehicles in some other county. We agree with the Commission that whether taxes were "paid" is not material to the issue. However, when a corporate taxpayer asserts that personal property is not subject to being assessed in the county "in which said corporation is located" because the personal property is "situated" in another county in Missouri, it is material to the issue, but not necessarily conclusive, as to where the property was "situated" whether the corporation made the return required by Section 137.095. In this case, when the issue is whether certain personal property is situated in Buchanan County or another county in Missouri, the failure of Crouch Brothers to make the return to the assessor of the other county as required by Section 137.095 is an admission against interest and is entitled to such consideration as the Commission determines proper under the circumstances.

We note that Crouch Brothers operates in several states, and that by the judgment of the circuit court upon rehearing the Commission is directed "to hear further testimony concerning whether or not, and if so, where a tax return for the 239 vehicles in question was filed or made." Section 137.095 does not require a tax return to be filed for personal property "situated" out of the State of Missouri, and whether there has been compliance with the requirements of Section 137.095 for returns to be made to the assessor of counties other than the county "in which said corporation is located" is immaterial as to property which Crouch Brothers contends was "situated" in some other state.

The judgment is modified in the respect last above mentioned, and as modified is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.