**J.H. BERRA CONSTRUCTION CO., INC., Appellant,**

v.

**Randy HOLMAN, Assessor for Jefferson County, Missouri, Respondent.**

No. SC 86046.

Supreme Court of Missouri, En Banc.

Jan. 11, 2005.

David L. Welsh, St. Louis, MO, for Appellant.

Robert Bilbrey, David P. Senkel, Hillsboro, MO, for Respondent.

PER CURIAM.[1]

J.H. Berra Construction Co., Inc., uses heavy equipment in its construction projects. On January 1, 2001, some of its equipment was located in Jefferson County, Missouri. The Jefferson County assessor assessed personal property tax against the value of the equipment. Berra contests the assessment. The state tax commission agreed with the assessor that the equipment was subject to taxation in Jefferson County. On judicial review, the circuit court agreed with the commission. That judgment is affirmed.

On appeal, this Court reviews the commission's decision, rather than the trial court's judgment, to determine whether the agency action: (1) is in violation of constitutional provisions; (2) is in excess of the statutory authority or jurisdiction of the agency; (3) is unsupported by competent and substantial evidence upon the whole record; (4) is, for any other reason, unauthorized by law; (5) is made upon unlawful procedure or without a fair trial; (6) is arbitrary, capricious or unreasonable; or (7) involves an abuse of discretion. *Section 536.140.2.*[2] Questions of law are matters for the independent judgment of this Court. *State Bd. of Registration for Healing Arts v. McDonagh,* 123 S.W.3d 146, 152 (Mo. banc 2003).

Berra asserts that the commission erred in affirming the assessed valuation of its equipment in Jefferson County because the construction equipment at issue had only a temporary presence in Jefferson County; therefore, it was not "situated" there for personal property tax assessment purposes under section 137.095.1.[3] Berra has the burden to show that the commission's decision that the equipment is situated in Jefferson County is unsupported by competent and substantial evidence upon the whole record.

In *Buchanan County v. State Tax Commission,* 407 S.W.2d 910, 913–14 (Mo. 1966), this Court found that the word "situated" connotes a more or less permanent

---

1. The Court of Appeals, Eastern District, transferred this case to this Court by an opinion authored by the Honorable Mary R. Russell. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without further attribution.

2. All statutory references are to RSMo 2000.

3. Section 137.095.1 provides:
The real and tangible personal property of all corporations operating in any county in the state of Missouri and in the city of St. Louis, and subject to assessment by county or township assessors, shall be assessed and taxed in the county in which the property is situated on the first day of January of the year for which the taxes are assessed, and every general or business corporation having or owning tangible personal property on the first day of January in each year, which is situated in any other county than the one in which the corporation is located, shall make return to the assessor of the county or township where the property is situated, in the same manner as other tangible personal property is required by law to be returned, except that all motor vehicles which are the property of the corporation and which are subject to regulation under chapter 390, RSMo, shall be assessed for tax purposes in the county in which the motor vehicles are based.
Section 137.095.2 goes on to define "based" as used in section 137.095.1 as "the place where [a motor] vehicle is most frequently dispatched, garaged, serviced, maintained, operated or otherwise controlled...."

location or situs. "Situated" refers to the place where the personal property is regularly kept. The Court cited cases suggesting that "situated" implies some element of permanency and that it requires more than a mere temporary presence. "Situated" does not mean, however, that the property needed to be "physically present" in the taxing county on tax day.

When *Buchanan* was decided, section 137.095 did not distinguish taxation for motor vehicles from taxation of other personal property. Following *Buchanan*, however, the legislature enacted section 137.095.2 to reflect that motor vehicles should be taxed where they are "based" on tax day. This amendment sought to account for the mobility of vehicles used in commercial enterprises. *Be–Mac Transp. Co., Inc. v. State Tax Comm'n of Mo.*, 725 S.W.2d 599, 601 (Mo. banc 1987). The commission correctly found that the amended version of section 137.095 clearly contemplates that there can be a difference between where a piece of property is "situated" and where a piece of property is based. In particular, unless the property is regulated pursuant to chapter 390, the correct analysis for tax purposes is to determine where the property is "situated," not where it is based. Because the equipment at issue in this case is not property regulated pursuant to chapter 390, the fact that it is based in St. Louis County, where Berra operates its corporate headquarters, does not preclude it from being "situated" in some other county for tax purposes.

The commission found that Berra's equipment was "situated" in Jefferson County for 2001 tax purposes. In making its decision, the commission considered both written and oral testimony of the parties and a variety of documents and records from both parties. The commission found that Berra failed to present substantial and persuasive evidence tending to show that Jefferson County's assessment was erroneous. The commission determined that Berra owned 48 pieces of equipment that were physically located in Jefferson County on January 1, 2001,[4] but it found Berra's records were inadequate to identify the number of days each piece of equipment was physically located in the county. The commission acknowledged that the equipment would be returned to Berra's corporate headquarters in St. Louis County when not in use, but it found that Berra had a practice of parking unused equipment on job sites to reduce transportation costs. The commission also noted that Berra sometimes repaired equipment at its corporate facilities, but other times serviced the equipment on job sites. The commission further found that the assessor's employees had observed Berra's equipment in Jefferson County for a number of years, and it found that Berra maintained an office trailer at the job site.

There was competent and substantial evidence to show that the equipment was "situated" in Jefferson County under the standards set forth in *Buchanan*. There was substantial evidence that the equipment had some element of permanency in Jefferson County, that it had more than a mere temporary presence there, and that it was regularly kept there during 2001 while Berra completed several large-scale and long-term projects in that county.

Berra's assertion that the purpose of its property being located in Jefferson County should be considered, rather than the length of time it was located there, is not persuasive. *Buchanan* instructs that

---

4. The commission's finding that Berra had 48 pieces of equipment in Jefferson County on January 1, 2001, cites to Complainant's Exhibit B. That document, however, lists only 42 pieces of equipment.

whether property is "situated" for tax purposes in a given county should be determined by considering whether it had more than a mere temporary presence there or whether it was regularly kept there. 407 S.W.2d at 914. These standards suggest that determining where property is "situated" under section 137.095.1 should focus on the length of time the property is in a given taxing jurisdiction, and not its purpose for being there.

Berra also asserts that the commission erred because it utilized an incorrect standard in requiring Berra to prove that its equipment was continuously and habitually employed in another county, rather than to assess whether the equipment was "situated" in Jefferson County under section 137.095.1. In finding that Berra's equipment was "situated" in Jefferson County for 2001 tax purposes, the commission cited *Buchanan* for the proposition that "situated" refers to where a piece of property has a more or less permanent location and not where it is physically located on tax day. The commission also cited *Bi Go Markets, Inc. v. Morton,* 843 S.W.2d 916 (Mo. banc 1992), for the proposition that location cannot be discounted when determining tax situs.

Nothing in *Bi Go* negates the standards set forth in *Buchanan* for determining whether property is "situated" within a given taxing jurisdiction. *Bi Go* merely offers further guidance as to the type of factual considerations that are relevant in assessing whether property is regularly kept or more or less permanently located in a given taxing jurisdiction. The preeminent consideration under both *Bi Go* and *Buchanan* is whether the property at issue is "situated" in the taxing authority pursuant to section 137.095.1.

For the foregoing reasons, the commission's finding that the equipment was situated in Jefferson County, and its rejection of Berra's contention that it was situated in some other county, is supported by competent and substantial evidence upon the whole record.

The judgment is affirmed.

WHITE, C.J., WOLFF, STITH, PRICE, TEITELMAN and LIMBAUGH, JJ., and BLACKMAR, Sr.J., concur.

RUSSELL, J., not participating.