HOWARD SOBER, INC., et al., Complainants-Appellants, v. FRANK G. CLEMENT, etc, et al., Defendants-Appellees.—372 S. W. (2d) 202.

Middle Section. July 29, 1960.

Certiorari Denied by Supreme Court March 10, 1961.

116

Charles H. Hudson, Jr., Nashville, for complainants-appellants.

Allison B. Humphreys, George Shuff, Nashville, for defendants-appellees.

HICKERSON, J. Two questions are presented to the Court of Appeals for determination on this appeal:

1. Did the Chancery Court commit reversible error when it passed upon the constitutionality of Chapter 191 of the Public Acts of Tennessee of 1957 in the case on trial?

2. Did the Chancellor err in holding Chapter 191 of the Public Acts of Tennessee of 1957 constitutional and valid?

The statute under attack is Chapter 191 of the Public Acts of Tennessee of 1957. We shall refer to this Chapter as Chapter 191 in this opinion.

The fourth paragraph of the prayer in the original bill of complainants in this cause provides:

"That the Court declare that Chapter 191 of the Public Acts of 1957 is unconstitutional and void."

Wherefore, complainants—appellants—expressly filed their original bill in this cause to have the question of the constitutionality of Chapter 191 adjudicated; and complainants expressly so prayed.

■ Having sought the determination of the question of the constitutionality of this statute in the case on trial in the Chancery Court, appellants cannot sustain an assignment of error in this Court that the Chancellor passed on the constitutionality because that was exactly what complainant requested of the Chancellor.

■ Complainants cannot invite error and then successfully assert reversible error flowing from the invited error. Norris v. Richards, 193 Tenn. 450, 246 S. W. (2d) 81; Gardner v. Burke, 28 Tenn. App. 119, 187 S. W. (2d) 25; Pickard v. Ferrell, 45 Tenn. App. 460, 325 S. W. (2d) 288.

(2) Did the Chancellor err in holding Chapter 191 constitutional and valid?

This statute was drafted and passed for the express purpose of furnishing statutory authority for the assess-

ment of ad valorem taxes upon the property of irregular route haulers which was in Tennessee under such circumstances as to warrant its taxation. In the preparation of the statute, free use was made of other statutes enacted for similar purposes.

The Tennessee Public Service Commission under T.C.A. 67-901 et seq., is the single agency of Tennessee authorized and required to assess for ad valorem taxation the property of all utilities and carriers operating in this state.

Under authority of Chapter 191, the assessment of irregular haulers is based on the proportion of the miles traveled in Tennessee to miles traveled everywhere.

In their attack upon these assessments, appellants contend Chapter 191 is unconstitutional for two reasons:

First, the statute is unconstitutional because it taxes interstate commerce.

Second, the statute is unconstitutional because it taxes property which has no situs in Tennessee.

■ (3) Is Chapter 191 unconstitutional because it taxes interstate commerce?

If the tax is a privilege tax, appellants' point might be well taken. If the tax is ad valorem, the point has no merit. The body of the Act follows the caption and definitely settles this question. The tax is ad valorem.

■ See statute and especially caption thereof which provides with emphasis that the tax is an ad valorem tax. The statute is not unconstitutional because it taxes interstate commerce. Property may be taxed in Tennessee ad valorem which is used in interstate commerce.

(4) Is the statute unconstitutional because it taxes property which has no situs in Tennessee?

■ The following cases support the rule that a state may tax property which is regularly within the state, even though the particular property in question may be in the state only at irregular intervals. Nashville, Chattanooga & St. Louis Railway v. Browning, 176 Tenn. 245, 140 S. W. (2d) 781; Braniff Airways v. Nebraska State Board, 347 U.S., 590, 74 S.Ct. 757, 98 L.Ed. 967.

■ Chapter 191 is not unconstitutional because it taxes property which has no situs in Tennessee. The Act does not purport to give the power to tax property which has no situs in Tennessee.

■ There are some incidental matters discussed in the brief; but this case is finally disposed of in this Court when we hold: (1) it was not error in the first place for the Chancellor to consider and determine the constitutionality of Chapter 191; and (2) the Court correctly held the statute constitutional and valid.

Overrule the assignments and affirm the decree of the Chancery Court with all costs. Remand for any further proceedings which may seem proper to the Chancellor consistent with this opinion.

Shriver, J., concurs.

Humphreys, J., not participating.

NOTE. The above opinion written by Judge HICKERSON before his fatal illness, was referred to with approval by the Tennessee Supreme Court in E. & L. Transport Co. v. Ellington, 212 Tenn. 671, 371 S. W. (2d) 456, hence, it was thought appropriate and desirable that the opinion be published.