120

## JACK COLE COMPANY v. BUFORD ELLINGTON, etc., et al.—372 S. W. (2d) 204.

Middle Section.  July 28, 1961.

Certiorari Denied by Supreme Court October 20, 1961.

Certiorari to Rehear Denied by Supreme Court December 8, 1961.

Maclin P. Davis, Jr., Waller, Davis & Lansden, Nashville, for petitioner.

George Shuff, General Counsel, Nashville, for Tennessee Public Service Commission.

George F. McCanless, Attorney General, Milton P. Rice, David M. Pack, Assistant Attorneys General, for defendant.

SHRIVER, J. Appellant, Jack Cole Company, is an Alabama corporation engaged in the business of transporting freight by motor truck in interstate commerce into and through Tennessee and other states. The case on appeal presents the question whether appellant, an irregular route carrier, was properly assessed for ad

valorem taxes by the Public Service Commission of Tennessee under Section 67-901 T.C.A.

The Public Service Commission fixed the assessment at $225,000.00. On appeal to the State Board of Equalization the assessment was reduced by said Board to $192,500.00.

From the assessment so fixed by the State Board of Equalization the appellant sought a review by petition for certiorari filed in the Chancery Court at Nashville which Court, after a hearing, held that the assessment was valid and binding and dismissed the petition for certiorari. From this action of the Court an appeal was perfected to this Court and assignments filed.

Appellant, hereinafter referred to as petitioner, is not qualified or domesticated in Tennessee and its activities in this State are solely in pursuance of interstate commerce. It is an irregular route motor carrier whose trips are not scheduled as to time, route or number.

The record shows that the miles traveled by the trucks of the petitioner amount to 17.5 per cent of its total mileage, and 1.6 per cent of its gross operating revenue was derived from interstate business conducted in Tennessee in the year 1958, which is the year involved in the questioned assessment. At that time the total value of the tangible property in its entire system was $4,986,063.00 of which $925.00 was situated in Tennessee, the latter sum being the value of office equipment in Shelby County. Petitioner's trucks used in transporting property in interstate commerce over the roads and highways of Tennessee constituted its only other property in this State.

It is shown that said trucks moved through various counties and municipalities in Tennessee during 1958 but were not habitually or constantly in any county, municipality or taxing district in the State.

Prior to 1959 the properties of petitioner had not been assessed for ad valorem taxes in Tennessee. For the year in question the Public Service Commission assessed petitioner's properties for ad valorem taxes at $225,-000.00, as hereinabove stated. The Commission arrived at this figure by the use of a formula under which the average of four factors was used. These factors being (1) one third of the gross operating revenue of the system; (2) its net operating income multiplied by ten; (3) the sum of the value of its capital stock, debts, other than bonded indebtedness, and earned surplus; and (4) the value of its tangible property wherever located. The figure thus arrived at was $4,040,017.00 from which the value of the system's localized property was subtracted to arrive at an indicated distributable value of $2,876,-117.00 which value was factored for safety, then multiplied by the percentage of petitioner's revenue miles in Tennessee to obtain the value of its property allocable to this State.

On review by the State Board of Equalization, as hereinabove indicated, said Board, after taking into account the percentage of appellant's gross operating revenue derived in Tennessee, reduced the assessment to $192,-500.00

The Chancellor, in his opinion, pointed out that the constitutional question raised by the petitioner in that Court had been settled by the Court of Appeals in the case of Howard Sober, Inc., v. Frank G. Clement et al.,

in an unreported opinion written by Judge Hickerson and filed July 29, 1960. Petition for certiorari denied by the Supreme Court March 10th 1961. (Note: The opinion is now submitted for publication along with this opinion 52 Tenn. App. 115, 372 S. W. (2d) 202.

The Chancellor's opinion then states that the only question left for determination in that Court is whether or not the assessment against petitioner is void on two grounds asserted by said petitioner, to wit: (1) That the assessment is void because the Public Service Commission failed to determine the situs of petitioner's property in Tennessee; and, (2) because there is no substantial evidence to support the assessment.

As hereinabove indicated, the Chancellor held against the petitioner on both of these propositions.

Questions Presented here—

The appellant in his carefully prepared and well written brief asserts that his nine assignments of error present the following five questions:

"(1) Assignments of Error Nos. I, II, III, and IV raise the question whether 67 T.C.A. 901 et seq. authorizes an assessment against petitioner's property, since petitioner has no taxable property within the state except its trucks which are in the state and the taxing units that would collect the tax, in transition, temporarily, and in the ordinary course of interstate commerce.

"(2) Assignment of Error No. V raises the question whether the assessment against petitioner violates the commerce clause of the United States Constitution in that the defendants have applied the

assessment to petitioner solely because of its interstate activities and have measured the assessment by the amount of petitioner's interstate activities.

"(3) Assignment of Error No. VI raises the question whether the assessment against petitioner is a denial of due process under the Constitution of the United States and Tennessee because it is an assessment for taxation of property which has no situs in the state or the taxing units that would collect the tax.

"(4) Assignment of Error No. VII raises the question whether the assessment is void because the defendants did not determine and ascertain the situs of petitioner in the state and taxing units which would collect the tax, as required by 67 T.C.A. 901.

"(5) Assignment of Error No. VIII presents the question whether the assessment is invalid because there is no substantial evidence in the record to support it."

—Conclusions of Law and Fact—

Section 67-901 T.C.A. provides in part as follows:

"All motor carriers, including any such carrier not limited by its certificate, permit or other operating authority from the Tennessee public service commission to any particular highway or highways, road or roads, and/or specific route or routes (which carrier shall be designated and is hereinafter referred to as an 'irregular route motor carrier'), operating within, into and/or through Tennessee and having been issued a permit or certificate of convenience and necessity by said commission shall, by virtue of their operations or right to conduct

126

operations within, into and/or through Tennessee over the public highways of Tennessee, be deemed to have a situs in Tennessee, the same to be determined and ascertained by said commission, and any such carrier shall, as a condition precedent to the granting or exercise of such authority, appoint an agent within the state of Tennessee for the purpose of service of process.''

In the opinion of this Court in Howard Sober, Inc. v. Clement, supra, it was stated that the attack upon the assessment in that case was made on the proposition that the statute is unconstitutional for two reasons: (1) because it seeks to tax interstate commerce, and (2) because it seeks to tax property which has no situs in Tennessee.

■ This Court answered these two questions as follows: First,

"If the tax is a privilege tax, appellants' point might be well taken. If the tax is ad valorem the point has no merit. The body of the Act follows the caption and definitely settles this question. The tax is ad valorem.''

\* \* \* \* \* \*

"The statute is not unconstitutional because it taxes interstate commerce. Property may be taxed in Tennessee ad valorem which is used in interstate commerce.''

■ As to the second question the Court said:

"Is the statute unconstitutional because it taxes property which has no situs in Tennessee?

"The following cases support the rule that a state may tax property which is regularly within the state, even though the particular property in question may be in the state only at irregular intervals, Nashville, Chattanooga & St. Louis Railway v. Browning, 176 Tenn. 245, 140 S. W. (2d) 781; Braniff Airways v. Nebraska State Board, 347 U.S. 590, S.Ct. 757, 98 L.Ed. 967.

"Chapter 191 is not unconstitutional because it taxes property which has no situs in Tennessee. The Act does not purport to give the power to tax property which has no situs in Tennessee."

Thus, the constitutionality of the Act in question was settled by said decision and we think the factual situation involved here does not change the rule announced in said case.

Turning to a consideration of Braniff Airways v. Nebraska State Board, 347 U.S. 590, 74 S.Ct. 757, 98 L. Ed. 967. Counsel for appellant contends that this case is distinguishable from the case at bar in that the Braniff case involved a state tax, whereas, the case at bar involves only County and City taxes and, furthermore, because the tax in the Braniff case applied only to regularly scheduled carriers, whereas, the petitioner in the case at bar is an irregular route carrier with no scheduled trips.

While these distinguishing points are to be observed, nevertheless, we think that a careful study of the Braniff case reveals that it is authority for the position of the appellant in this case.

The opinion in the Braniff case points out that the limitations imposed by the due process clause of the

U. S. Constitution upon State power to impose taxes, was succinctly stated in Ott v. Mississippi Valley Barge Line Co., 336 U.S. 169, 69 S.Ct. 432, 93 L.Ed. 585, as follows:

"So far as due process is concerned the only question is whether the tax in practical operation has relation to opportunities, benefits, or protection conferred or afforded by the taxing State."

The Court went on to say:

"The basis of the jurisdiction is the habitual employment of the property within the state."

\* \* \* \* \* \*

"Approximately one-tenth of appellant's revenue is produced by the pickup and discharge of Nebraska freight and passengers. Nebraska certainly affords protection during such stops and these regular landings are clearly a benefit to appellant."

The majority opinion concludes as follows:

"When Standard Oil Co. v. Peck, 342 U.S. 382, 384, 72 S.Ct. 309, 310, 96 L.Ed. 427 [430] [26 A.L.R 2d. 1371], was here, the Court interpreted the Northwest Airlines case to permit states other than those of the corporate domicile to tax boats in interstate commerce on the apportionment basis in accordance with their use in the taxing state. We adhere to that interpretation."

In Mr. Justice Frankfurter's dissent it was stated, that the U. S. Supreme Court had previously held that a state might levy an ad valorem tax on the basis of a showing that the total time spent in the state by different units of a carrier's property was such that a certain

proportion of that property might be said to have a permanent location in that state. Such a doctrine of apportionment as the basis of property taxation was adopted by that Court in Pullman's Palace Car Co. v. Pennsylvania, 141 U.S. 18, 11 S.Ct. 876, 35 L.Ed. 613, with relation to railroad cars.

The dissenting opinion also states:

"But only those who have a sufficiently substantial relation to Nebraska that they may fairly be said to partake of the benefits, though impalpable and unspecific, it gives as an ordered society, may be taxed because they partake of those benefits."

Can it be said in the case at bar that petitioner has no such substantial relation to Tennessee as that it does not partake of the benefits Tennessee gives as an ordered society? We think not.

Since the tax in question is an ad valorem tax measured by the value of property and is, in no sense a privilege tax on petitioner's right to conduct an interstate business, we think it is not proscribed by the commerce clause of the Constitution, nor does such taxation violate the due process clauses of the Federal and State Constitutions.

Thus, we think the Chancellor reached the right conclusion with regard to the constitutional questions raised by petitioner and the assignments directed at this alleged error of the Chancellor are overruled.

The record shows that a fair proportion of appellant's properties are used in Tennessee, although at irregular intervals, and that petitioner receives the benefit of Tennessee's laws, its roads and its other facilities

thus enabling it to carry on its business in this State. And, although we cannot determine a fixed situs for these properties at any specific place, nevertheless, the statute provides that property so used in this State on the highways shall ''Be deemed to have a situs in Tennessee.'' Thus, we think that the action of the Public Service Commission was tantamount to finding as a fact that such properties are so used in Tennessee as to come within this statute and therefore, have a situs in the State.

■ The Chancellor correctly concluded that there is substantial evidence in the record to support the assessment. Certainly the evidence does not preponderate against such finding.

It results that all assignments are overruled and the judgment of the Chancellor is affirmed.

Affirmed.

Humphreys, J., not participating.

Crownover, Special Judge, concurs.

NOTE: The foregoing opinion was inadvertently omitted from the Certiorari list when the petition was denied by the Supreme Court, hence, it was not sent in for publication. However, since it was referred to as authority by the Supreme Court in E. & L. Transport Co. v. Ellington, 212 Tenn. 671, 371 S. W. (2d) 456, it was deemed wise to publish it at this time.