PEABODY COAL COMPANY,
Plaintiff-Appellant,

v.

STATE TAX COMMISSION of Missouri,
et al., Defendants-Respondents.

No. 68858.

Supreme Court of Missouri,
En Banc.

June 16, 1987.

Rehearing Denied July 14, 1987.

Donald J. Stohr, James W. Erwin, Kathryn A. Woollard, Richard L. Lawton, St. Louis, for plaintiff-appellant.

Paula J. Lemerman, Asst. County Counselor, Thomas W. Wehrle, County Counselor, Clayton, for defendants-respondents.

BLACKMAR, Judge.

The appellant taxpayer is a Delaware corporation with its principal office and place of business in the City of St. Louis. It operates coal mines in numerous states. It owns two aircraft which are used in the course of its business to transport persons and property to and from its several installations, and elsewhere as the needs of its business require. The aircraft, when in the St. Louis area, are hangared in St. Louis County and spend approximately 75% of their ground time there. The taxing authorities of St. Louis County have sought to impose ad valorem taxes on the full assessed valuation of both aircraft.

■ The taxpayer paid the taxes under protest and has processed statutory appeals to the State Tax Commission, asserting that the aircraft have a taxable situs in Indiana as well as in Missouri, and that Missouri, under the commerce clause of the United States Constitution (art. I, § 8, cl. 3) and the due process clause of the Fourteenth Amendment, may not tax the aircraft at their full value. The Commission upheld the assessment on the basis of stipulated facts, as did the Circuit Court of the City of St. Louis. We affirm the judgment of the circuit court, concluding that the taxing authorities could properly find that the aircraft were "situated" in St. Louis County within the meaning of § 137.095, RSMo 1978, which reads as follows:

1. The real and tangible personal property of all corporations operating in any county in the state ... and subject to assessment by county or township assessors, shall be assessed and taxed in the county in which the property is situated....

In *Buchanan County v. State Tax Commission*, 407 S.W.2d 910, 914 (Mo.1966) we held that the word "situated" in the above-cited statute "refers to the place where the personal property is regularly kept ... with a more or less permanent location." (Citations omitted).

The taxpayer argues that the aircraft have acquired a taxable situs in Indiana, by reason of their frequent landings there. (One aircraft made 19.1% of its landings there and the other 31.8%). It relies heavily on *Braniff Airways, Inc. v. Nebraska State Board of Equalization and Assessment*, 347 U.S. 590, 74 S.Ct. 757, 98 L.Ed. 967 (1954), holding that the State of Nebraska could levy an apportioned ad valorem tax on the fleet of an interstate air carrier which operated daily scheduled flights to and from points in Nebraska. It also emphasizes the holding in *Central Railroad Co. v. Pennsylvania*, 370 U.S. 607, 82 S.Ct. 1297, 8 L.Ed.2d 720 (1962), in which freight cars owned by a railroad were present substantially all the time in a nondomiciliary state under a contractual arrangement with the taxpayer's parent corporation, and were used on fixed routes and regular schedules. Both cases involve regularly scheduled common carriers, and do not provide substantial guidance for the resolution of this case. The parties have found no cases about any requirement of apportionment of ad valorem taxation of aircraft not operated by a common carrier, and we have located none.

■ The taxpayer amplifies its argument by asserting that Indiana, and possibly other states, could assert an apportioned ad valorem tax against these aircraft. It properly suggests that it makes no difference whether any other state has tried to subject the aircraft to ad valorem taxation, citing *Central Railroad, supra*, at 614, 82 S.Ct. at 1303. The existence in another state of the constitutional authority to do so is enough to preclude Missouri from levying an unapportioned ad valorem tax.

■ The taxpayer's arguments are perhaps more appropriately grounded upon the due process clause than upon the commerce clause. *Braniff*, 347 U.S. at 599, 74 S.Ct. at 762–63. It may be conceded that the transportation of persons and property from Missouri to Indiana for business purposes is interstate commerce. Ad valorem taxation of instrumentalities of commerce, however, does not burden that commerce.

The books are full of cases holding that interstate commerce may be required to pay its own way, in exchange for protection and service furnished by state and local governments.[1] A due process problem is presented if a state tries to tax property outside its borders, or if several states try to tax the same property without apportionment. *Union Refrigerator Transit Co. v. Kentucky*, 199 U.S. 194, 26 S.Ct. 36, 50 L.Ed. 150 (1905).

■ Personal property, by its nature, is movable. The term, "movables" is, indeed, a synonym. But it has never been considered that apportionment is required simply because an item of personal property is not always in the same place. In *Northwest Airlines, Inc. v. Minnesota*, 322 U.S. 292, 295, 64 S.Ct. 950, 952, 88 L.Ed. 1283 (1944), the Supreme Court allowed ad valorem taxation of full face value of a fleet of airplanes by the state of its domicile and principal place of business, placing the burden on the taxpayer to demonstrate that some other jurisdiction had the power to tax the aircraft. Contrary to the ·taxpayer's assertion, *Braniff* did not overrule *Northwest*, but simply delineated a fact situation in which the taxpayer could make the required showing of multiple taxing authority. *Braniff*, 347 U.S. at 601–602, 74 S.Ct. at 764–65. *Central Railroad* reaffirmed the general proposition. 370 U.S. at 613–614, 82 S.Ct. at 1302. Here, for all the stipulation shows, the taxpayer used the two planes for travel to Indiana and other states without any regularity and solely in accordance with the requirements of its business. There is neither the daily scheduling of *Braniff* nor the habitual employment of *Central Railroad*. Property does not become subject to multiple taxation simply because it is often taken across a state line. *Central Railroad, supra*, provides more support for the state than for the taxpayer, by allowing unapportioned taxation of most of the classes of railroad car discussed.

To acquire an "actual situs" in another state so as to limit the exclusive taxing authority of the home state, there must be "continuous presence in another state which thereby supplants the home state and acquires the taxing power over personalty that has become a permanent part of the foreign state." *Northwest Airlines*, 322 U.S. at 296, 64 S.Ct. at 952–53. Peabody has not met its burden of showing a continuous presence or "actual situs" in Indiana.

■ Missouri makes the incident of operating in the state the occasion for levying personal property taxes on such of a corporation's property as is situated in the state. The Tax Commission properly concluded that the taxpayer's two aircraft were situated in St. Louis County. The taxpayer has failed to establish that their irregular presence in Indiana was sufficient to justify that state in levying personal property taxes.

Inasmuch as we conclude that the property may be taxed at its full assessed valuation, we have no occasion to decide whether statutory authority is necessary to assess an apportioned tax, in cases in which apportionment is constitutionally required.

The judgment is affirmed.

HIGGINS, C.J., and BILLINGS, DONNELLY, ROBERTSON and RENDLEN, JJ., concur.

WELLIVER, J., dissents in separate opinion filed.

---

1. *Ott v. Mississippi Valley Barge Line Co.*, 336 U.S. 169, 69 S.Ct. 432, 93 L.Ed. 585, *reh. denied* 336 U.S. 928, 69 S.Ct. 653, 93 L.Ed. 1089 (1949); *Johnson Oil Refining Co. v. Oklahoma*, 290 U.S. 158, 54 S.Ct. 152, 78 L.Ed. 238 (1933); *Union Refrigerator Transit Co. v. Kentucky*, 199 U.S. 194, 26 S.Ct. 36, 50 L.Ed. 150 (1905); *American Refrigerator Transit Co. v. Hall*, 174 U.S. 70, 19 S.Ct. 599, 43 L.Ed. 899 (1899); *Zantop Air Transport, Inc. v. County of San Bernardino*, 246 Cal.App.2d 433, 54 Cal.Rptr. 813 (1966); *Union Barge Line Corp. v. Marcum*, 360 S.W.2d 130 (Ky.1962); *Jack Cole Co. v. Ellington*, 52 Tenn. App. 120, 372 S.W.2d 204 (1961). *See generally, Situs of Aircraft, Rolling Stock, and Vessels for Purposes of Property Taxation*, 3 A.L.R.4th 837 (1981).

WELLIVER, Judge, dissenting.

I respectfully dissent. In my opinion, the stipulated facts establish that the airplanes have a taxable situs in Indiana as well as in Missouri and that under the commerce clause of the United States Constitution, Art. I, § 8, cl. 3, and the due process clause of the Fourteenth Amendment, Missouri cannot tax them at their full value. *Braniff Airway, Inc. v. Nebraska State Board of Equalization and Assessment,* 347 U.S. 590, 74 S.Ct. 757, 98 L.Ed. 967 (1954).[1]

> The rule which permits taxation by two or more states on an apportionment basis precludes taxation of all of the property by the state of the domicile. *See Union Refrigerator Transit Co. v. Kentucky,* 199 U.S. 194, 50 L.Ed. 150, 26 S.Ct. 36, 4 Ann.Cas. 493. Otherwise there would be multiple taxation of interstate operations and the tax would have no relation to the opportunities, benefits, or protection which the taxing state gives those operations.

*Standard Oil Co. v. Peck,* 342 U.S. 382, 384–85, 72 S.Ct. 309, 310, 96 L.Ed. 427 (1952). I suggest that the principal opinion will trigger a migration of business aircraft utilized in interstate commerce from Missouri airports to airports across state lines, particularly in our two major metropolitan areas, and possibly in St. Joseph, Joplin-Carthage, Cape Girardeau, Hannibal, and other areas. If the aircraft go, with them will go sales, fuel, repair and maintenance and the jobs and taxes related thereto.

The case should be remanded with directions to apportion Missouri's share of the taxable value of the aircraft. I believe that the appropriate standard of apportionment would be that used for common carriers.