## Mesa Leasing Limited v. City of Burlington

[730 A.2d 1102]

No. 98-037

Present: **Amestoy, C.J., Morse, Johnson and Skoglund, JJ.**

Opinion Filed February 19, 1999

*Joseph F. Obuchowski* of *Roesler, Whittlesey, Meekins & Amidon*, Burlington, for Plaintiff-Appellant.

*Kenneth A. Schatz* and *Kimberlee J. Sturtevant*, Office of the City Attorney, Burlington, for Defendant-Appellee.

**Morse, J.** The owner of a commercial excursion vessel operating out of the City of Burlington appeals the superior court's determination that the City had the authority to impose a personal property tax upon the vessel for years in which it was not physically present in Burlington on April 1, the statutory day of assessment. We conclude that the vessel had a tax situs in Burlington for the years in question, and thus affirm the superior court's judgment.

The facts are not in dispute. The subject property is the Spirit of Ethan Allen II, a cruise vessel that operates on Lake Champlain from April to November out of the Burlington Community Boathouse. The vessel's owner, Mesa Leasing Limited, leases the vessel to Green Mountain Boat Lines Limited. The principal shareholders of both corporations are the same two persons.

The Spirit of Ethan Allen II arrived in Burlington on April 2 for the 1995 sailing season, which ended in November of that year. The vessel returned to Burlington on April 4, 1996 for the 1996 sailing season. During the periods that the vessel was not in operation out of Burlington, it was being stored in the Town of Shelburne Shipyard. In addition to paying personal property taxes, Green Mountain paid the City $8,800 per year in 1995 and 1996 for the right to dock the vessel in Burlington. No town other than Burlington has imposed personal property taxes on the vessel.

The issue is whether the City had the authority to impose a personal property tax on the Spirit of Ethan Allen II for years in which the vessel was not physically located in Burlington on April 1. Vessels used for income producing purposes may be taxed as personal property in accordance with 32 V.S.A. § 3691. See 32 V.S.A. § 3692.

Under the general rule set forth in § 3691, taxable tangible personal property "shall be set in the list to the last owner thereof on April 1 in each year, in the town . . . where such property is situated." In response to the parties' opposing summary judgment motions, the superior court ruled that April 1 is the date for establishing ownership, not the location of the property, and that because the income generating use of the Spirit of Ethan Allen II is in Burlington, Burlington is the permanent situs for tax purposes.

On appeal, Mesa Leasing argues that because the Spirit of Ethan Allen II was not physically located in Burlington on April 1 for the years in question, the City had no authority under § 3691 to impose a personal property tax. On the other side, the City reiterates the superior court's conclusion that Burlington is the place from which the income producing vessel operates and thus the tax situs for purposes of §§ 3691-3692.

We agree with the superior court that § 3691 does not preclude a town from imposing a personal property tax upon property not physically located in that town on April 1. April 1 is merely the day of assessment, an arbitrary day from which towns commence the process of determining which properties will be taxed at what value. See 32 V.S.A. § 4001(a) (on April 1, state shall furnish towns inventory forms requiring taxpayers to list all taxable real and personal property); 32 V.S.A. § 4041 (on April 1, listers shall proceed to take up such inventories and examine property that they are required to appraise); 32 V.S.A. § 4044 (taxable personal estate shall be appraised at its fair market value on April 1). Inclusion of the April 1 assessment day in § 3691 does not suggest that personal property may be taxed only by towns in which the property is physically located on that particular day. See *Buchanan County v. State Tax Comm'n*, 407 S.W.2d 910, 914 (Mo. 1966) (statute providing that personal property shall be taxed in county where property is "situated" on stated day "is not the same as providing that the property shall be taxable where 'physically present' on that day"). Construing the statute in such a manner would defeat its purpose by allowing owners to remove their property from the taxing jurisdiction for a brief period to avoid the tax. See *Braun v. Board of Dental Examiners*, 167 Vt. 110, 117, 702 A.2d 124, 128 (1997) (Legislature is presumed not to intend interpretation of statute that would lead to irrational consequences); *In re G.F.*, 142 Vt. 273, 279, 455 A.2d 805, 808 (1982) (statutes must not be construed in manner that will render them ineffective).

There is nearly universal agreement that personal property is "situated" for tax purposes at its tax situs, which requires a sufficient nexus between the property and the taxing jurisdiction. See *Zantop Air Transport v. County of San Bernardino*, 54 Cal. Rptr. 813, 816 (Ct. App. 1966) (word "situated" as used in state constitution and tax code is synonymous with "situs"); *Assessors of Sheffield v. J.F. White Contracting Co.*, 130 N.E.2d 696, 698 (Mass. 1955) (word "situated" in tax statute has same meaning as "situs"); *Colonial Life & Accident Ins. Co. v. South Carolina Tax Comm'n*, 103 S.E.2d 908, 919 (S.C. 1958) (in statute defining investment income based upon where real or personal property is situated, word "situated" means tax situs and not physical location of property). Because of its mobility, personal property may have a tax situs in one or more places where it has "a more or less permanent location." *Buchanan*, 407 S.W.2d at 914 (word "situated" refers to place where personal property is regularly kept). The crucial inquiry is whether the property's contacts with the taxing jurisdiction are sufficient to justify imposition of the tax there. See *Reeves v. Island Creek Fuel & Transp. Co.*, 230 S.W.2d 924, 927 (Ky. 1950) (permanency sufficient to impose personal property tax exists in counties where property is being used consistently and continually rather than spasmodically and temporarily); *Flying Tiger Line Inc. v. Board of Assessors*, 535 N.E.2d 231, 234 (Mass. 1989) ("some degree" of permanence is required before personal property is considered "situated" in district for local tax purposes); *George M. Brewster & Son v. Borough of Bogota*, 90 A.2d 58, 61 (N.J. Super. Ct. App. Div. 1952) (uses of property and circumstances of its being in taxing district are determinants of permanence). That determination must be made on a case-by-case basis.

■ Here, the Spirit of Ethan Allen II operates solely out of the Burlington Community Boathouse, but is at the Shelburne Shipyards for winter storage between November and April every year. As the City points out, all of the vessel's income from its commercial operations is derived directly from its contacts with Burlington. Without question, the vessel's consistent and continuous contacts with Burlington for a significant portion of the years in question, during which time the vessel's owners benefitted from city services and protection, were sufficient to create a tax situs there.

The parties do not address whether the Spirit of Ethan Allen II had also attained a tax situs in the Town of Shelburne, or whether the City of Burlington was entitled to only an apportioned share of the assessed value of the vessel. In cases involving interstate transpor-

tation, many federal and state courts have relied upon the Due Process and Commerce Clauses in approving apportionment of personal property taxes levied by multiple local jurisdictions having sufficient contacts with the subject property. See *Sea-Land Serv., Inc. v. County of Alameda*, 528 P.2d 56, 63 (Cal. 1974) (en banc) (in series of decisions, United States Supreme Court has approved apportioned property taxes levied by multiple local jurisdictions having sufficient contact with vehicles engaged in interstate commerce); *Beelman Truck Co. v. Ste. Genevieve County*, 861 S.W.2d 557, 559 (Mo. 1993) (en banc) (property used in interstate commerce may have tax situs in more than one state; each state in which property has tax situs may tax property so long as it does so on reasonably apportioned basis); *Atkinson Dredging Co. v. Thomas*, 223 S.E.2d 592, 595 (S.C. 1976) (several federal and state jurisdictions require apportionment of personal property taxes on property that is engaged in interstate commerce and that has sufficient contacts with more than one taxing authority during tax year); cf. *Peabody Coal Co. v. State Tax Comm'n*, 731 S.W.2d 837, 838 (Mo. 1987) (en banc) (it makes no difference whether any other state has tried to impose tax on subject property; existence in another state of constitutional authority to do so is enough to preclude Missouri from levying unapportioned tax). Part of the reasoning behind apportioning personal property taxes among jurisdictions having sufficient contacts with the subject property is that imposition of such a tax should be related to the services and protection provided by each jurisdiction. See *Zantop Air Transport*, 54 Cal. Rptr. at 818 (due process is concerned with whether tax is related to opportunities, benefits, or protection afforded by taxing jurisdiction); Annotation, *Situs of Tangible Personal Property for Purposes of Property Taxation*, 2 A.L.R.4th 432, 438 (1980) (power of taxation is based upon assumption that taxing authority is benefitting property owner by providing protection, added value, or creation or maintenance of public conveniences).

In this case, although all of the vessel's commercial activities take place solely from its Burlington dock during the sailing season, one could argue that the maintenance and repair operations that presumably occur during the off-season while the vessel is in winter storage are no less essential to running the business. Personal property requires maintenance and protection even when it is not in operation for its intended use. See *Ships & Power Equip. Corp. v. San Diego County*, 209 P.2d 143, 145 (Cal. Dist. Ct. App. 1949) (for purposes of personal property tax, vessel that is completely inoperative is no

different than any other movable tangible personal property). Further, the Spirit of Ethan Allen II presumably receives police and fire protection as well as the benefit of marina facilities in the Town of Shelburne during its winter storage.

Nevertheless, considering that this case does not involve a dispute between jurisdictions, that Mesa Leasing has not argued in the alternative for apportionment, and that apportionment of personal property taxes is not required by statute, cf. 32 V.S.A. § 4606 (when part of piece of real estate has been transferred in any year, listers shall make such apportionment of assessments thereon as they seem just), we will not disturb the superior court's judgment. Apportionment is not required simply because an item of personal property is not always in the same place. See *Peabody Coal Co.*, 731 S.W.2d at 839. Nor is there any requirement that the benefits conferred by the taxing jurisdiction be received over the entire period for which the tax is levied. See *Atkinson Dredging*, 223 S.E.2d at 595, 596 (unapportioned tax on appellant's property did not violate due process even though property was located and taxed in another jurisdiction for portion of tax year).

*Affirmed.*