**Paul BOILEAU v. CITY OF BURLINGTON**

[730 A.2d 1105]

No. 98-100

February 19, 1999. Plaintiff, the owner and operator of a fishing guide business, appeals the superior court's determination that the City of Burlington had the authority to impose a personal property tax upon his boat's assessed value for a year in which the boat was not physically present in Burlington on April 1, the statutory day of assessment. For the reasons stated in a companion case, *Mesa Leasing Ltd. v. City of Burlington*, 169 Vt. 93, 730 A.2d 1102 (1999), we affirm the superior court's judgment.

The facts are not in dispute. The subject property is a boat that plaintiff uses in the fishing guide business that he operates on Lake Champlain. In 1996, the year in question, plaintiff rented dock space for the boat in the City of Burlington between May 15 and October 15. All of the boat's income during 1996 year was derived from the five months that it was operated out of the Burlington dock. The other seven months the boat was stored in the Town of Colchester. For the 1996 tax year, the City of Burlington imposed a personal property tax upon the assessed value of the boat. Plaintiff challenged the tax through the Department of Taxes and eventually in superior court. In response to the parties' opposing summary judgment motions, the court ruled that Burlington is the permanent situs of the boat for tax purposes and thus entitled to tax the boat on its full assessed value. On appeal, plaintiff argues that the court erred because personal property is

taxable only in the town in which the property is physically located on April 1 of the tax year. In the City's view, the superior court correctly concluded that Burlington was the permanent tax situs of the boat in 1996.

Relying on our analysis in the companion case, *Mesa Leasing*, we affirm the superior court's judgment. As in *Mesa Leasing*, this appeal does not involve a dispute between jurisdictions, and plaintiff has not argued in the alternative that the City of Burlington is entitled to only an apportioned share of the tax on the assessed value of his boat.

*Affirmed.*

Motion for reargument denied March 16, 1999.