**Gary James JOHNSON, Appellant,**

v.

**James OTEY, Collector, Respondent.**

**No. SD 29664.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 7, 2009.

Petition for Rehearing or Transfer
Denied Oct. 29, 2009.

Gary James Johnson, Neosho, pro se.

Lee J. Viorel, Lowther Johnson, Springfield, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Gary Johnson appeals the denial of his tax protest. The facts essentially were stipulated to and are not in dispute.

## Background

Johnson had lived in Missouri over twenty years when he and his wife sold their home in 2006, bought an RV, and set out to travel and see if there was another part of the country where they might want to live.

They went to Yuma, Arizona in August 2006, stayed seven months and looked for property, but "didn't find anything." They returned to Missouri in March 2007, but went back to Arizona to look again in August. They bought a building lot in Arizona and drew up house plans; then changed their minds, came back to Missouri in April 2008, and bought a home in Neosho.

When Johnson sought to renew his Missouri license plates, he was denied for failing to pay 2007 personal property taxes. He argued that he lived in Arizona on January 1, 2007 and, thus, owed no tax, but to no avail. He paid under protest and sued for a refund, then paid his 2008 taxes under a similar protest and amended his petition to seek a refund of those taxes too.[1]

The trial court denied Johnson's claim as follows:

Section 301.025 RSMo states, in part, that no state registration license to operate any motor vehicle or trailer in this state shall be issued unless the application for license of a motor vehicle or trailer is accompanied by a tax receipt for the tax year which immediately precedes the year in which the vehicle's or trailer's registration is due.

An exception to this is for a vehicle/trailer previously registered in another state.

Court finds that 2006 registration is dispositive of the tax protest. If 2006 registration was in Arizona or another state, no taxes are due. If registration in 2006 was in Missouri, then taxes are

---

1. The taxes and penalties were $1,006.20 for 2007 and $791.28 for 2008. The Johnsons had paid no 2007 or 2008 personal property taxes in any state on any of their vehicles.

due. According to the notes of the court the vehicles/trailers were registered in Missouri in 2006. Accordingly, tax protest petition is denied.

## Claim on Appeal; Standard of Review

Johnson claims[2] the relevant statute is not § 301.025,[3] but § 137.075, which makes "[e]very person owning or holding ... tangible personal property on the first day of January ... liable for taxes thereon during the same calendar year." He argues that he lived in Arizona on January 1 of 2007 and 2008; thus, he contends that he was not subject to Missouri taxation for those years.

We will not reverse a bench-tried case that reaches a correct result, even if the trial court gives a wrong or inadequate reason for its judgment, since we are more concerned with the correctness of the result than the route taken to reach it. *Teague v. Missouri Gaming Com'n*, 127 S.W.3d 679, 688 (Mo.App.2003). We will affirm if the holding is correct on any tenable basis. *Id.*

## General Legal Principles

■■ Missouri generally taxes "all personal property with a Missouri tax situs pursuant to § 137.075." *State ex rel. Leggett v. Sovran Leasing Corp.*, 909 S.W.2d 664, 665 (Mo. banc 1995). The tax situs of personal property normally is the owner's domicile. *See Bi Go Markets, Inc. v. Morton*, 843 S.W.2d 916, 918–20 (Mo. banc 1992). Constitutionally, a state can contin-

ue to tax such property, even if it leaves the state, unless the property is shown to have acquired a tax situs elsewhere. *Id.* at 919 (citing *Braniff Airways, Inc. v. Nebraska State Board of Equalization and Assessment*, 347 U.S. 590, 601, 74 S.Ct. 757, 98 L.Ed. 967 (1954)).[4] Thus, Johnson needed to show that on January 1 of 2007 and/or 2008, (1) his domicile no longer was Missouri, or (2) his Missouri-registered vehicles had acquired a tax situs elsewhere. *Id.*

■■ As to the former, although Johnson equates domicile with residence,

> they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home. Residence simply requires bodily presence as an inhabitant in a given place, while domicile requires bodily presence in that place and also an intention to make it one's domicile. Residence is not synonymous with domicile, though the two terms are closely related; a person may have only one legal domicile at one time, but he may have more than one residence.

*M.R. v. S.R.*, 238 S.W.3d 205, 208 (Mo.App.2007)(quoting *Pruitt v. Farmers Insurance Co.*, 950 S.W.2d 659, 663 (Mo.App.1997)).

■■ As to the latter, property does not become taxable elsewhere "simply be-

---

**2.** We exercise our discretion to review, although the point relied on violates Rule 84.04(d) and is not clear. *Dixon v. Thompson*, 235 S.W.3d 568, 571 (Mo.App.2007).

**3.** Statutory citations are to RSMo, as amended 2005.

**4.** Until such property has acquired another tax situs, it is " 'appropriate to assume the

domicile is the only State affording the opportunities, benefits, or protection which due process demands[;]' " thus, the domicile retains the power to tax since the property otherwise would escape taxation altogether. *Bi Go*, 843 S.W.2d at 919 (quoting *Cent. R.R. Co. v. Pa.*, 370 U.S. 607, 612, 82 S.Ct. 1297, 8 L.Ed.2d 720 (1962)).

cause it is often taken across a state line." *Bi Go*, 843 S.W.2d at 921 (quoting *Peabody Coal Co. v. State Tax Comm'n*, 731 S.W.2d 837, 839 (Mo. banc 1987)).

> To acquire an actual situs in another state [Arizona] so as to limit the exclusive taxing authority of the home state [Missouri] there must be continuous presence in another state [Arizona] which thereby supplants the home state [Missouri] and acquires the taxing power over personalty that has become a permanent part of the foreign state [Arizona].

*Id.* (our brackets).

## Analysis

 Johnson had been domiciled in Missouri for over 20 years when, in 2006, he and his wife bought an RV and decided to travel around the country "to see if there was some other part of the country that we wanted to live in." Their August 2006–March 2007 trip to Yuma, "thinking we might want to live out there," does not prove that Johnson intended Arizona to be his domicile on January 1, 2007 or at any other time. Their second Arizona trip indicates their intent to build an Arizona home sometime, but they never did so and apparently never even started. At any rate, the record does not establish Johnson's intent, as of January 1, 2008, to make Arizona his domicile.

Missouri was the initial tax situs for Johnson's vehicles, all of which were purchased, registered, licensed, and initially used in Missouri. Indeed, Johnson bought or renewed Missouri licenses for his three vehicles shortly before he started traveling in 2006. He bought a fourth vehicle in mid–2007, between his two Arizona trips, and also licensed it in Missouri. He had to register and license his vehicles some-

where in order to legally drive them, and he chose the benefit of Missouri registration and licensing to fulfill these legal obligations. In fact, Johnson always titled all his vehicles in Missouri. Unless those vehicles acquired a tax situs elsewhere, which Johnson did not prove,[5] Missouri could tax them. *Bi Go*, 843 S.W.2d at 919.

## Conclusion

Johnson did not show that he was domiciled, or that his vehicles had a tax situs, outside Missouri on January 1 of 2007 or 2008. The judgment is affirmed.

LYNCH, P.J., and RAHMEYER, J., concur.

---

5. The record does not indicate the whereabouts of Johnson's vehicles, other than the RV, and particularly that they were outside of Missouri.