737 A.2d 897 (1999)
In re Appeal of Max E. JEWELL and Judith Belyea.
Town of Hartford
v.
Max E. Jewell and Judith Belyea, d/b/a Jewell Transport and Evergreen Recycling.
No. 98-092.
Supreme Court of Vermont.
July 13, 1999.
*898 Present AMESTOY, C.J., and DOOLEY, MORSE, JOHNSON and SKOGLUND, JJ.

ENTRY ORDER
The Town of Hartford appeals from an environmental court decision and two postjudgment orders, which involve an appeal by Max Jewell and Judith Belyea, permittees, from a decision of the zoning administrator of zoning violations and from the Town's enforcement action. The Town contends that the trial court erred by: (1) modifying its original decision to allow sorting of metal recyclable material outside the bunker in violation of the 1994 permit, and (2) denying the Town's request for fines. We affirm.
Permittees own property in the Town of Hartford where they operate a trucking business and a recycling business. In 1994, permittees applied for and received a permit under the town zoning regulations to conduct their businesses. The relevant permit provisions provide:
12. The northeast portion of the lot is proposed to be used for the selection and storage of logs, tires, ferrous and non-ferrous metals.
13. Logs will sorted to grade in the sorting area....
15. Tires would be stored in the selecting/storage area....
16. Ferrous and non-ferrous metals would be sorted and stored in the selecting/storage area. The metals would then be baled inside in the recycling area, then shipped.
These provisions identify three areas: (1) the sorting area, (2) the selecting/storage area, also called "the bunker," and (3) the recycling area.
On November 16, 1995, the zoning administrator issued a notice of violation of the 1994 permit. Permittees appealed to *899 the zoning board of adjustment, which upheld the notice of violation. Permittees appealed further to the environmental court. The Town also filed a complaint for enforcement of the decision of the zoning board of adjustment, requesting that the court impose fines for each day of violation.
The environmental court consolidated the two cases. It found violations of several 1994 permit conditions and ordered the permittees to bring their operation into compliance with their permit within fifteen days, except for changing the size of the noncomplying bunker. The court further ordered permittees to submit a noise abatement plan to the zoning board of adjustment within forty-five days. The court declined to impose any fines on the ground that the Town had not requested them.
Both parties filed post-judgment motions. Permittees requested a clarification of the order concerning metals, claiming that they initially deposit metals in the sorting area but then move them to the bunker for selecting and storage. They contended that the court's finding that short-term accumulation of recyclables for approximately one week does not constitute "storage" as the term is used in the field of waste management contradicted its statement that "[p]ermittees must remove any metals in piles outside the bunker." In response, the court amended its decision, to state: "permittees must remove any metal in piles outside the bunker no later than eight days after they have been placed in such piles." (Emphasis added.)
The Town also filed a motion to modify the court's decision, asserting the court erred by stating that the Town had not requested fines because both the complaint and the proposed findings and conclusions included such a request. The Town requested that the court impose fines of twenty dollars per day from November 23, 1995, which was seven days after the notice of violation. The court denied the motion, stating it could not find from the evidence that violations occurred on all 466 days but granting leave to renew the motion "if supported by a list of dates of violations keyed to the evidence." The court stated that, if the motion were renewed, it would give permittees an opportunity to submit evidence on the penalty issue, and, in determining the appropriate fine, it would take into consideration the money permittees had spent on compliance. See Town of Hinesburg v. Dunkling, 167 Vt. 514, 529, 711 A.2d 1163, 1172 (1998) (no abuse of discretion to consider cost of compliance in determining amount of fine to impose).
The Town appealed. It first claims that the court erred by modifying its decision to allow piles of metal to remain outside the bunker for up to eight days. The Town maintains that this modification allows permittees to sort metal outside the bunker, which is inconsistent with the 1994 permit. In response, permittees claim that metals can be sorted only in front of the bunker and that sorting the metals outside is the purpose of making piles outside the bunker.
Sorting metals outside the bunker violates the plain language of both condition 16 of the 1994 permit and the environmental court's order, which enjoins permittees from sorting or storing metals outside the bunker. See Secretary v. Handy Family Enters., 163 Vt. 476, 481, 660 A.2d 309, 312 (1995) (ordinarily we rely on plain meaning of permit conditions because we presume they indicate underlying intent). Short-term accumulation of metals is not "storage" as that term is generally used in the field of solid waste; thus, short-term accumulation of metals outside the bunker does not violate the 1994 permit or the order here on appeal. We find no error in the trial court's order. It does not, however, allow any sorting of metal outside the bunker.
Next, the Town argues that the court erred by not imposing fines and by requiring the Town to provide a list of *900 dates of violations keyed to the evidence before it would consider imposing fines. According to the Town, such a list is not necessary to support the imposition of fines under 24 V.S.A. § 4444(a). The Town maintains that for the court to impose a fine for each day from the notice of violation to the court's decision, it need only present evidence demonstrating that permittees engaged in a pattern of continued violations of the 1994 permit conditions. We agree. To the extent that the trial court implied the Town must prove the permit violations continued each day, the court erred.
Section 4444(a) provides: "[e]ach day that a violation is continued shall constitute a separate offense," and violators "shall be fined not more than fifty dollars for each offense." If we accepted that the Town must prove permit violations on each day of the period for which it seeks penalties, the Town's burden of proof would be so onerous as to vitiate the statute's deterrent purpose by rendering it nearly impossible to demonstrate a continuing violation. Cf. United States v. SCM Corp., 667 F.Supp. 1110, 1124-25 (D.Md.1987) (agreeing it would be impossible for EPA to nail down proof for each day of claimed continuous emissions violation, but requiring such proof nonetheless because agency failed to use available means to avoid proof problem). We will not construe a statute in such a way that its application is at odds with its underlying purpose. See Mesa Leasing Ltd. v. City of Burlington, 169 Vt. ___, ___, 730 A.2d 1102, 1104 (1999).
Contrary to the Town's contention, the burden of proof remains with the Town, and, to establish a continuing violation, it must demonstrate more than that the permittee received notice of the permit violations and failed to cure them. We hold that the Town need not produce evidence of a continuing violation for each and every day to sustain its burden of proof but that evidence, such as that produced in this case, of periodic noise complaints by neighbors and periodic inspections by the zoning administrator disclosing unpermitted activity outside the bunker may weave a sufficient pattern of violations for the court to infer a continuing violation for some or all of the period for which the Town requests that the court impose penalties. See, e.g., State v. City of Greenville, 726 S.W.2d 162, 167 (Tex.Ct.App.1986) (evidence of continuing violation where same violation found during eleven site inspections over four-year period). We note that the number of days for which the evidence supports a continuing violation merely sets the maximum penalty available under § 4444(a). The environmental court has discretion  given the purpose of the statute and the leeway it grants the court to determine the amount of fine per violation  not only to balance permittee's continuing violation against its compliance costs but also to consider such factors as those specified in the Uniform Environmental Enforcement Act. See Handy Family Enters., 163 Vt. at 485-86, 660 A.2d at 314 (discussing application of factors); Agency of Natural Resources v. Godnick, 162 Vt. 588, 596-97, 652 A.2d 988, 993-94 (1994) (same).
Affirmed as to the permit modification. Reversed and remanded for consideration of penalties.