## STATE OF VERMONT
## SUPERIOR COURT — ENVIRONMENTAL DIVISION

| | | |
|---|---|---|
| Town of Colchester, | } | |
| Plaintiff, | } | |
| v. | } | Docket No. 30-3-11 Vtec |
| Robert Andres, | } | |
| Defendant. | } | |

### Merits Decision and Judgment Order

On Friday, September 28, 2012, we conducted a trial on this municipal enforcement case at the Costello Courthouse in Burlington, Vermont. At the close of the evidentiary hearing, Defendant Robert Andres sought additional time to submit his own proposed findings and the Town of Colchester sought to make post-trial filings as well. The Court allowed both parties until Monday, October 22, 2012 to submit their post-trial filings. When Defendant asked for additional time to submit a response to the Town's filings, the Court afforded both parties until November 5, 2012 to file responses.

At the completion of the trial, the Court took a brief recess for deliberation and then reconvened the hearing to render certain Findings of Fact and Conclusions of Law on the record of the hearing. This Merits Decision and Judgment Order is issued to summarize the legal conclusions that this Court rendered at hearing, specifically, that Defendant violated the applicable provisions of the Town of Colchester Zoning Regulations ("Regulations") by failing to apply for and obtain a change of use permit. Applicant became obligated to obtain a change of use permit when he began using his seasonal residence on a year-round basis. A more detailed explanation of the Court's legal conclusions and its factual findings may be gleaned from the audio recording that constitutes the hearing record.

The issue that remained outstanding when the Court completed its announcement of Findings and Conclusions was the amount of penalties that should be awarded to the Town as a consequence of Defendant's violation of the Regulations. The Court announced at trial the parameters of the penalty that it could award in this matter and asked the parties to address the proper amount of penalties in their post trial filings. The Town submitted an affidavit in support of its penalty claim; the Court received no post-trial filings from Defendant.

Prior to trial, the Court conducted a site visit with the parties at the subject property, located at 275 Mills Point Road in Colchester. Based upon the Findings of Fact determined by

1

the Court at the hearing, including those facts that were given context by the site visit that the Court conducted with the parties, the Court announced at trial its determination of a zoning violation and does hereby impose the following penalties and injunctive relief.

Defendant owns and occasionally resides in a camp type residence at 275 Mills Point Road, near the shores of Lake Champlain. Defendant's camp is served by an unpermitted* on-site waste water disposal system that Defendant believes includes a drywell type tank and no known leach field system. This wastewater system does not conform to the applicable Town or State regulations governing on-site wastewater treatment systems, but is allowed as a pre-existing non-conformity, subject to Defendant not changing the seasonal use of his camp.

The Town most recently served Defendant with a notice of alleged zoning violation ("NOV") dated November 3, 2010, a copy of which was admitted at trial as Exhibit 6. At trial, Defendant initially denied that he had received this NOV, but then admitted that he received the NOV and was aware of it by sometime in March, 2011. For the purpose of determining the period of defendant's willful violation of the applicable zoning regulations and therefore the time period used for calculating penalties, the Court deemed Defendant to have received the Town's notice as of March 31, 2011.

Construction and use of new seasonal dwellings is not permitted under the applicable zoning regulations. Regulations § 10.14(A). The Regulations permit the owner of a pre-existing seasonal dwelling to convert the dwelling to year-round use, provided certain requirements are met, including a requirement that the dwelling's sewage disposal system conforms to all current Town and State waste disposal regulations. Regulations § 10.14(C). A seasonal dwelling may only be converted to year-round use after the Town of Colchester Zoning Administrator has determined that the conversion meets all the requirements of Regulations § 10.14(C). Id.

Defendant chose not to apply for a permit to change the use of his seasonal camp to year-round use. He also chose to use his camp on a year-round basis without completing any modifications or improvements to his waste disposal system. His choices were willful and with full knowledge of the conversion requirements. As of the date of trial, and even after receiving

---

* In 1999, Defendant applied for and received approval to install a 1,000 gallon septic tank and connect it to the "cesspool" on his property, which Defendant explained at trial was the equivalent of a drywell (a tank with holes in its sides, so that waste water may leach out). See Exhibit 3. No approval for the overall septic system was presented at trial and no evidence was presented that the property includes a septic leach field.

multiple notices from the Town directing him to do so, Defendant had not applied for or received a change of use permit, nor completed any improvements to his waste disposal system.

The Town's November 3, 2010 NOV was not the first notice Defendant received informing him that the use of his seasonal camp on a year-round basis was a zoning violation. The Town served Defendant with other NOVs in 2002 and 2004. See Exhibits 5(A) and 5(B). The Town also cited Defendant for his zoning violation by issuing Defendant municipal ordinance violation tickets. See Exhibit 2, which includes copies of three municipal tickets that the Town issued to Defendant. Defendant chose not to answer any of these prior zoning violation notices.

Defendant suffered default judgments on the municipal tickets. See Exhibit 4. Defendant asserted at trial that he had sought the re-opening of at least one of these default judgments and pledged to provide the Court, post-trial, with any communication from the Vermont Judicial Bureau evidencing his request to have the judgment reopened, but Defendant has made no further filings with the Court.

Vermont municipalities are entitled to claim and collect fines of up to $100.00 for each day that a zoning violation continues after the municipality provides the property owner with notice and an opportunity to cure the violation. 24 V.S.A. § 4451(a).[†] When a municipality presents its zoning violation claims, this Court has "the discretion to determine the amount of [the] fine, and, in doing so, to balance any continuing violation against the cost of compliance and to consider other relevant factors, including those specified in the Uniform Environmental Enforcement Act." City of St. Albans v. Hayford, 2008 VT 36, ¶17, 183 Vt. 596, quoting In re Jewell, 169 Vt. 604, 606–07 (1999) (mem.). The Vermont Uniform Environmental Law Enforcement Act (10 V.S.A., chapter 201) provides guidance for the determination of fines for violations of environmental laws. See 10 V.S.A. § 8010(b). While Chapter 201 governs what fines may be imposed when *state* environmental protection laws are violated, these statutory considerations are useful and provide guidance when this Court is determining what fines should be imposed for the violation of municipal zoning laws. Hayford, 2008 VT 36, ¶17.

The Town presented evidence, via the post-trial affidavit of the Town of Colchester Director of Planning and Zoning, that the Town and its attorneys incurred labor costs and legal

---

† Section 4451(a) was amended in 2012 to authorize maximum fines for zoning violations of $200.00 per day.

fees in response to Defendant's zoning violations in excess of $15,280.00. Defendant provided no contradiction or objection to the Town's costs estimates. The Court received substantial evidence at trial on Defendant's occasional off-season use of his camp, which we take into consideration when determining the benefit to Defendant of not complying with the Town's directive to either secure a change of use permit or cease using his camp on a year-round basis.

The Court's factual findings, including those summarized here and those announced on the merits hearing record, cause us to render the following conclusions, in light of the considerations enumerated in 10 V.S.A. § 8010(b):

1. Defendant's use of his camp on a year-round basis, and the non-conforming waste disposal system that supported it, had and continues to have the potential to cause significant adverse impacts on his own health and welfare, as well as the health, safety, and welfare of the general public.

2. No evidence of mitigating circumstances in Defendant's favor was received at trial.

3. Defendant knew that he needed to improve his on-site waste disposal system and secure a municipal change of use permit once he received the Town's first NOV in 2002. Defendant chose to use his camp on a year-round basis, even after receiving the Town's latest NOV (dated November 8, 2011), which Defendant admitted to receiving no later than March 31, 2011. Defendant's use of his camp on a year-round basis continued through the date of trial.

4. The prior NOVs that the Town served on Defendant in 2002 and 2004, as well as the municipal tickets served on Defendant and the later default judgment entries on those tickets, show a determined plan by Defendant to not comply with and ignore these zoning conformance requests.

5. We render no conclusion concerning the considerations codified in 10 V.S.A. § 8010(b)(5), since that provision has been repealed.

6. Given Defendant's refusal to comply with the Town's repeated requests to conform to the Regulations, an additional penalty must be imposed in this case to deter Defendant from continuing his noncompliance and discourage him from repeating his zoning violations.

7. The Town and its attorneys have incurred costs totaling in excess of $15,280.00 in responding to Defendant's zoning violations and his objections to the NOV.

8. Defendant has used his camp as a year-round residence from at least April 1, 2011 through the date of trial (September 28, 2012), thereby showing that Defendant has failed and refused to conform to the Regulations for at least a period of 546 days.

In light of these considerations, we conclude that a fine of **Forty-Five Dollars ($45.00)** for each day of Defendant's violations is warranted in this matter. We therefore award the Town of

4

Colchester judgment and impose fines against Defendant Robert Andres in the total amount of **Twenty-One Thousand, Eight Hundred and Forty Dollars ($21,840.00)**. We further **GRANT** the Town of Colchester an injunction against Defendant Robert Andres, prohibiting Mr. Andres, his heirs, assigns, and invitees from using the residence at 275 Mills Point Road in Colchester in any manner on a year-round basis, and we specifically prohibit the use, including occupancy, of that residence from and including November 1 of each year until March 31 of the following year, until Defendant Andres, his heirs, or assigns secure all necessary permits and approvals from the Town of Colchester.

This Merits Decision and Judgment Order complete the current proceedings before this Court in this municipal enforcement action.

Done at Newfane, Vermont, this 31st day of January 2013.

_____
Thomas S. Durkin, Environmental Judge

5