STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 30-3-11 Vtec |

| | |
|---|---|
| Town of Colchester,<br>     Plaintiff<br><br>     v.<br><br>Robert Andres,<br>     Defendant | **ORDER ON REMAND<br>TO RECONSIDER FINES** |

The Vermont Supreme Court affirmed this Court's determinations that Defendant "had converted [his residential] camp to a year-round dwelling for occupation without a permit in violation of the Town's zoning regulations." Town of Colchester v. Andres, No. 2013-081 slip op. at 2 (Vt. Nov. 20, 2013)(unpublished mem.), available at https://www.vermontjudiciary. org/UPEO2011Present/eo13-081.pdf.  The Supreme Court did not disturb this Court's determination that Defendant's zoning violations occurred within the period of time running from "April 1, 2011 to the date of the trial on September 28, 2012." Id.

The Supreme Court remanded this municipal enforcement proceeding back to this Court, however, for the limited purpose of recalculating the number of days of violation and the amount of fines to be imposed. Id. at 3.  The Supreme Court reasoned that "the violation here essentially consisted of occupying the camp out of season without a permit, and that the fine should therefore be confined to that period of time in which a permit was required, which would exclude the period from April 1 to October 31 [of each year]." Id. (emphasis in original). The Court noted that the maximum fine authorized, within the trial court discretion, was limited to $100.00 per day for calendar year 2011 and $200.00 per day for calendar year 2012. Id. (citing 24 V.S.A. § 4451(a)).

Our decision here is based upon the limited remand directive from the Supreme Court "to reconsider the fine to be imposed within th[e] timeframe" of Defendant's zoning violation. Id.  First, we specify the applicable timeframe of Defendant's violations:[1] beginning on November 1, 2011 and continuing through March 31, 2012, for a total of 152 days, 61 of which were in calendar year 2011 and 91 of which were in 2012.[2]  We next turn to reconsidering the proper level of fines, within the confines of the discretion afforded us by 24 V.S.A § 4451(a) and

---

[1]  We state "violations" in the plural because we are directed to treat each day of a zoning violation as a separate offense.  24 V.S.A. § 4451(a).

[2]  February 2012 contained 29 days.

the Notice of Violation ("NOV") that was the subject of the Town of Colchester's Complaint in this enforcement proceeding.[3]

As we noted in our January 31, 2013 Merits Decision and Judgment Order,[4] after concluding that the claimed zoning violations have occurred, this Court has "the discretion to determine the amount of [the] fine, and, in doing so, to balance any continuing violation against the cost of compliance and to consider other relevant factors, including those specified in the Uniform Environmental Enforcement Act." City of St. Albans v. Hayford, 2008 VT 36, ¶ 17, 183 Vt. 596 (quoting In re Jewell, 169 Vt. 604, 606–07 (1999) (mem.)). The Vermont Uniform Environmental Law Enforcement Act (10 V.S.A. Chapter 201), while not controlling, guides this Court in considering the appropriate level of fines to impose for zoning violations. Hayford, 2008 VT 36, ¶ 17; 10 V.S.A. § 8010(b). We therefore consider these guidelines when determining anew the proper level of fines to assess against Defendant, in light of the Supreme Court's limited remand.

We declined the suggestion by the Town of Colchester ("Town") to set this matter for an additional evidentiary hearing, as we understand the Supreme Court's remand to be limited to the calculation of the fine in light of its legal determination that the fine should be based upon the off-season timeframe during which Defendant used the property without the required permit. We also declined the Town's suggestion that the scope of this proceeding should now be extended beyond our original trial date, which we established as the final adjudicated day of Defendant's non-compliance. We conclude that, without the reopening of the evidentiary proceeding, it would be improper at this time to impose fines for activities beyond the original trial date.

We note, however, that nothing in this Order limits the Town's authority to serve Defendant with another environmental ticket or notice of alleged zoning violations based upon subsequent or additional zoning violations. We hope that Defendant has taken the necessary steps to cure the zoning violations already determined by this Court and affirmed by the Vermont Supreme Court. If he has not, we stand ready to adjudicate any and all alleged zoning violations presented by the Town. We will impose the appropriate fines, up to the maximum allowed by law, if the evidence reveals that Defendant has committed further violations beyond those adjudicated on September 28, 2012.

We summarize below the factual findings made at and after our September 28, 2012 trial which form the basis for our reconsidered fine assessment, in light of the Supreme Court's limited remand, and apply the guidelines enumerated in 10 V.S.A. § 8010(b) anew:

1. Defendant's use of his camp on a year-round basis, and the non-conforming waste disposal system that supported it, had and continues to have the potential to cause

---

[3] See NOV dated November 8, 2010 and admitted at trial as Exhibit 6, which gave the following notices:

> Each day the violation continues constitutes a separate offense. After fifteen (15) days, a fine of [up to] $50 shall apply to the first offense for a violation, a fine of [up to] $100 shall apply to the second offense for the violation, and a fine of [up to] $150 shall apply to each offense thereafter for the violation.

[4] Town of Colchester v. Andres, No. 30-3-11 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Jan. 31, 2013) (Durkin, J.).

significant adverse impacts on his own health and welfare, as well as the health, safety, and welfare of the general public.

2.  No evidence of mitigating circumstances in Defendant's favor was received at trial.

3.  Defendant knew that he needed to improve his on-site waste disposal system and secure a municipal change of use permit once he received the Town's first NOV in 2002. Defendant chose to use his camp on a year-round basis, even after receiving the Town's latest NOV (dated November 8, 2010), which Defendant admitted to receiving no later than March 31, 2011. Defendant's use of his camp on a year-round basis continued through the date of trial.

4.  The prior NOVs that the Town served on Defendant in 2002 and 2004, as well as the municipal tickets served on Defendant and the later default judgment entries on those tickets, show a determined plan by Defendant to not comply with and to ignore these zoning conformance requests.

5.  We rendered no conclusion concerning the considerations codified in 10 V.S.A. § 8010(b)(5), since that provision has been repealed.

6.  Given Defendant's refusal to comply with the Town's repeated requests to conform to the Regulations, an additional penalty must be imposed in this case to deter Defendant from continuing his noncompliance and discourage him from repeating his zoning violations.

7.  Up to the time of trial, the Town and its attorneys incurred costs totaling in excess of $15,280.00 in responding to Defendant's zoning violations and his objections to the NOV.

8.  Defendant has used his camp as a year-round residence from at least April 1, 2011 through the date of trial (September 28, 2012), thereby showing that Defendant has failed and refused to conform to the Regulations for the 152 days during the winter months that accrued from November 1, 2011 through December 31, 2011 (for a sub-total of 61 days) and January 1, 2012 through March 31, 2012 (for a sub-total of 91 days).

Based upon these prior findings (none of which we disturb or add to today), and having considered those findings in light of the Supreme Court's limited remand and applying the guidelines from the Vermont Uniform Environmental Law Enforcement Act (specifically, 10 V.S.A. §§ 8010(b)(1) through (8)), we do hereby impose the maximum fines allowed by the enabling statute (24 V.S.A. § 4451(a)) and the November 8, 2010 NOV served upon Defendant[5]:

---

[5] We note that the per day/offense rate of fines used in our January 31, 2013 decision was as applied to the entire April 1, 2011 to September 28, 2012 period (546 days). We now apply the same considerations, as set forth in items 1–8 above, to a shorter timeframe, and find that the maximum fine per day/offense allowed by the enabling statute and the November 8, 2010 NOV is the appropriate rate. This rate is based on the tremendous expenses incurred by the Town in its efforts to prosecute Defendant, Defendant's vigorous (and unsuccessful) denial of the zoning violations, and Defendant's continuing refusal to remedy those violations, including up through the day of trial.

3

a.  For the first day of violation (Nov. 1, 2011)                                        $50.00
b.  For 60 days running from Nov. 1 through Dec. 31, 2011          $6,000.00[6]
c.  For the 91 days running from Jan. 1 through Mar. 31, 2012    $13,650.00[7]
                                                                   Total:    **$19,700.00**

Electronically signed on August 28, 2014 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

---

[6]  The fines imposed for this time period are based upon an assessment of $100.00 per day/offense, which is the maximum allowed by the enabling statute (24 V.S.A. § 4451(a)) in effect at that time.

[7]  The fines imposed for this time period are based upon an assessment of $150.00 per day/offense.  While the then-exisitng enabling statute (24 V.S.A. § 4451(a)) authorized the assessment of fines of up to $200.00 per day, we have determined that the maximum fines allowed for this time period is $150.00 per day, since that is the maximum rate specified in the Town's NOV (Exhibit 6).