STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 117-8-13 Vtec |
|---|---|
| City of Burlington,<br>     Plaintiff<br><br>v.<br><br>Timothy A. Muir,<br>Frances D. Muir,<br>     Defendants | DECISION ON THE MERITS |

This matter relates to the City of Burlington's August 23, 2013 Enforcement Complaint and request for Injunctive Relief (Complaint), alleging that Timothy A. Muir and Frances D. Muir (Defendants) have multiple zoning violations on their properties at 52 North Cove Road and 68 North Cove Road in the City of Burlington, Vermont (the City). The City notified Defendants of the alleged violations in an August 24, 2012 Notice of Violation related to 52 North Cove Road and a September 14, 2012 Notice of Violation related to 68 North Cove Road. The Complaint alleges that Defendants have neither remedied any of the multiple violations noticed by the City nor appealed the Notices of Violation.

On November 22, 2013, after Defendants failed to timely answer the Complaint, this Court granted the City's Motion for Default Judgment and sent notice to all parties for a December 23, 2013 hearing to determine the appropriate remedies and penalties for the violations (remedies hearing). Due to inclement weather on December 23, the Court held a telephonic status conference, in which Defendants participated, and rescheduled the remedies hearing for January 10, 2014. On January 6, 2014, Defendants filed a motion seeking to respond to the Complaint and during the January 10 hearing, Defendants further argued for setting aside the default judgment. The Court gave the City time to respond to Defendants' motion to respond to the complaint and advised

the parties that the remedies determination would be set for a hearing following the decision on the motion. On May 1, 2014, we denied Defendants' motion to set aside the default judgment and shortly thereafter rescheduled the remedies hearing for May 30, 2014.

Defendant Timothy A. Muir appeared late at the May 30 remedies hearing. Shortly after his arrival, Mr. Muir requested a continuance to allow Defendants time to retain an attorney. On the record of the May 30 hearing, this Court advised Defendants that if they wished to be represented in this matter, they were to retain counsel and advise counsel to file an appearance with this Court by June 13, 2014 as well as to participate in a June 16, 2014 status conference to discuss rescheduling the remedies hearing. Defendants did not retain counsel and represented themselves at the June 16, 2014 status conference.

On July 1, 2014, the Court set the remedies hearing for August 29, 2014. On July 7, 2014, Defendants filed a Motion for Continuance. In a July 23, 2014 Entry Order we denied Defendants' motion to continue the August 29 hearing.

A remedies hearing was held on August 29, 2014 at the Costello Courthouse to determine the appropriate remedies and penalties for the violations. Kimberlee J. Sturtevant, Attorney for Plaintiff City of Burlington, and Defendant Frances D. Muir appeared at the remedies hearing. Defendant Timothy A. Muir did not attend the remedies hearing.

<u>Findings of Fact</u>

1. Defendants own 52 North Cove Road and 68 North Cove Road in Burlington, Vermont.

2. The City has enacted zoning regulations set forth in the City of Burlington, Vermont Comprehensive Development Ordinance (CDO).

3. On August 24, 2012, the City served Defendants with a written Notice of Violation for 52 North Cove Road for the failure to obtain requisite City approval for: 1) a change in use from a vacant parcel to a contractor's yard, 2) storing construction material on the property, 3) constructing a barrier/retaining wall

2

along the northern boundary of the property, 4) grading the land, 5) adding fill to wetlands, 6) encroaching into setback areas and increasing lot coverage, 7), storing vehicles and materials on private parking lot, and 8) being noncompliant with the City's Special Flood Hazard Area Regulations.

4. On September 14, 2012, the City served Defendants with a written Notice of Violation for 68 North Cove Road for:

   a. Failing to comply with conditions of Zoning Permit 08-246CA, including the failure to construct/implement all planters as approved by the site plan, the failure to plant approved landscaping, constructing a driveway exceeding approved dimensions, the failure to remove a shed roof, parking vehicles in an manner that is inconsistent with the permit, and undertaking unapproved exterior storage of materials;

   b. Failing to obtain a certificate of occupancy for Zoning Permit 08-246CA;

   c. Failing to comply with conditions of approval 1-4 in Zoning Permit 08-246CA;

   d. Changing the use of the property from residential to residential with a contractor's yard without the necessary zoning approvals;

   e. Exceeding CDO coverage limitations due to exterior storage and unpermitted parking;

   f. Violating setback requirements by constructing a rooftop within the setback, storing materials, and parking vehicles within the setbacks; and

   g. Violating the conditions of agreement established between the City and Defendants on July 20, 2007.

5. Neither of the Notices of Violation were appealed or otherwise challenged.

6. On August 23, 2013, the City filed a Complaint and Motion for Injunctive Relief with this Court alleging that Defendants have neither remedied any of the multiple violations noticed by the City nor appealed the Notices of Violation.

7. On August 29, 2013, the City served the Complaint and Motion for Preliminary and Permanent Injunctive Relief upon Defendants.

3

8. On November 22, 2013, after Defendants failed to timely answer the Complaint, this Court granted the City's Motion for Default Judgment.

9. Defendants have failed to remedy the violations for 52 and 68 North Cove Road.

10. The City's legal fees and expenses incurred in this matter total $4,104.50.

11. The City's Code enforcement staff incurred total costs of $6,069.00 investigating and seeking correction of the violations in this matter.

## Discussion

Due to Defendants' failure to appeal or otherwise timely challenge the August 24 and September 14, 2012 Notices of Violation, the alleged violations are final and binding. 24 V.S.A. §§ 4472(a), (d).[1] Furthermore, as a consequence of Defendants failure to timely answer the Town's complaint, the Court previously awarded a default judgment in the City's favor.

During our August 29, 2014 hearing, the Court considered appropriate remedies for the violations. Ms. Muir admitted to the placement of fill on Defendants' properties but asserted that this was done to prevent erosion, to repair erosion, and to repair sinkholes. Ms. Muir also admitted that they constructed a rock wall using rocks placed along the cove, but she offered that this activity was for erosion control rather than as a retaining wall. Ms. Muir further admitted to parking a camper, allowing storage trailers and several vehicles to be stored on their property, and to storing firewood and other lumber and materials on their property. Ms. Muir asserted that all of these activities were necessitated by Hurricane Irene.

Ms. Muir additionally admitted that Defendants have not complied with permit conditions for 68 North Cove Road and that there are multiple vehicles and storage trailers on the property. Again, Ms. Muir argued that this was a consequence of difficulties caused by flooding from Hurricane Irene.

---

[1] "[T]he exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under this chapter or with respect to any one or more of the provisions of any plan or bylaw shall be the appeal to the appropriate panel under section 4465 of this title . . . ." 24 V.S.A. § 4472(a). "Upon the failure of any interested person to appeal to an appropriate municipal panel under section 4465 of this title, all interested persons affected shall be bound by that decision . . . and shall not thereafter contest, either directly or indirectly, the decision . . . ."

As discussed above, the determination that violations have occurred on Defendants' properties is final and binding. The Town's Complaint for enforcement seeks an injunction requiring Defendants to cease all continuing violations, including but not limited to, removal of all vehicles, materials, and fill from 52 N. Cove Road, thereby restoring it to its recognized use as a vacant lot, and complying with ZP#08-246CA for 68 N. Cove Road, including, but not limited to, obtaining a Certificate of Occupancy.

When a municipality seeks an injunction, the Court first asks whether the violation is substantial, and second, whether the landowner's violation is innocent or involves conscious wrongdoing. See Town of Shelburne v. Carpenter, 155 Vt. 126, 131–32 (1990). The municipality does not have to show irreparable harm or the lack of an adequate alternative remedy to obtain an injunction; the showing of a violation is sufficient. Id. at 129.

The issue of whether the violation is substantial entails the difficult weighing of the public injury against the private loss. The Vermont Supreme Court has noted that there comes a point where the violation is so insubstantial that it would be unjust and inequitable to require action through a mandatory injunction. See Id. at 131. Based upon the evidence in this matter, and a set forth in the above findings of fact, the several violations are substantial.

In reviewing whether the violations are innocent or conscious wrongdoing, we note that courts have generally found that a conscious decision to go forward, in the face of a direction not to from the regulatory body, is not innocent. Id. at 132. Defendants have long been made aware by the City that their many activities at the two properties are violations, and therefore, they cannot be considered innocent.

24 V.S.A. § 4452 provides that if any construction or alteration of a structure or any change of use of land violates a bylaw, the "administrative officer shall institute . . . any appropriate action, injunction, or other proceeding to prevent, restrain, correct, or abate that use, or to prevent, in or about those premises, any act, conduct, business, or use constituting a violation." (emphasis added). We therefore **GRANT** the City an

injunction and **ORDER** that Defendants immediately take action to cease the continuing violations at 52 and 68 North Cove Road.

In addition to the above injunctive relief, this Court has "the discretion to determine the amount of a fine, and, in doing so, to balance any continuing violation against the cost of compliance and to consider other relevant factors, including those specified in the Uniform Environmental Law Enforcement Act." City of St. Albans v. Hayford, 183 VT 596, 600 (2008) (citing In re Jewell, 169 Vt. 604, 606–07 (1999)). In this analysis, we accept Ms. Muir's evidence explaining Defendants' circumstances and difficulties, offered through testimony and exhibits, as mitigating factors for the Court to consider when determining appropriate penalties and injunctive relief.

We note that the City's CDO, at Section 2.7.7(b) provides that pursuant to an enforcement action, any person who violates the ordinance shall be fined not more than the maximum amount authorized by statute for each offense. The enabling statute, 24 V.S.A. § 4451(a), formerly authorized assessment of $100 per day per offense. Effective July 1, 2012, this statute was amended to authorize assessment of up to $200 per day offense. Both the August 24 and September 14 Notices of Violation expressly state that a person who violates the CDO may be subject to fines up to $100 for each day the violation continues. Thus, we conclude that the maximum fine that we could impose in this matter is limited by the terms of the two Notices of Violation, this being a maximum of $100 for each day a violation continues.

With respect to 52 North Cove Road, Defendants had seven days from the August 24, 2012 Notice of Violation, or until August 31, 2012, to cure the violations without being subject to fines and penalties. As of August 29, 2014, the violations were not cured. Thus, there are in excess of 720 days that the violations existed at this property. Considering the eight individual offenses and that each day the violation continues is a separate offense, the potential penalty range for this property is $5,760[2] to $576,000.

---

[2] The minimum fine we consider is $1 for each day for each offense.

With respect to 68 North Cove Road, Defendants had seven days from the September 14, 2012 Notice of Violation, or until September 21, 2012, to cure the violations without being subject to fines and penalties. As of August 29, 2014, the violations were not cured. Thus, there are in excess of 700 days that the violations existed at this property. Considering the seven individual offenses and that each day the violation continues is a separate offense, the potential penalty range for this property is $4,900 to $490,000.

The total penalty range for the two properties is therefore between $10,660 and $1,066,000. The City seeks a minimum fine of $10,173.50 which is the equivalent of its attorney fees and other costs of enforcement.

In our considering enforcement matters, we consistently conclude that Section 4451(a) implies that "we reserve a fine of $100.00 per day for the most egregious of zoning infractions." In re Huntington NOV Appeal and Town of Bradford v. Huntington, Nos. 204-8-06 Vtec and 209-9-06 Vtec, slip op. at 8 (Vt. Envtl. Ct. Mar. 18, 2008) (Durkin, J.); see also Town of Hinesburg v. Dunkling, 167 Vt. 514 (1998). Fines authorized by 24 V.S.A § 4451(a) are civil in nature; they must not be punitive and they must be "rationally related to the damages suffered from landowner's violation of [the] Town's bylaw." Id. at 528. It is clear that the City has incurred considerable expense, including expenditures for both legal services and staff time and resources, to compel Defendants' compliance, and that Defendants' continued non-compliance puts neighboring properties and people at some safety risks.

We also note that the Uniform Environmental Law Enforcement Act, 10 V.S.A.§ 8010(b), sets forth seven factors for consideration in determining the appropriate penalty for violating environmental laws and regulations.[3] These factors include the degree of actual or potential impact on public health, safety, welfare, and the environment resulting from the violation; the presence of mitigating circumstances, including unreasonable delay in seeking enforcement; whether the respondents knew

---

[3] Section 8010(b) expressly applies to violations of state environmental law, however, we have used these factors for considering municipal violations. See City of St. Albans v. Hayford, 183 VT 596 (2008).

or had reason to know the violation existed; Respondents' record of compliance; the deterrent effect of the penalty; the City's cost of enforcement; and the length of time the violations existed. Therefore, in light of the injunctive relief requiring Defendants to cease all continuing violations, and based on mitigating factors set forth in 10 V.S.A. § 8010(b, we conclude that in this instance a fine of $1.00 per day is appropriate.

We therefore impose a fine of $10,660.00.

## Conclusion

Within 60 days of this Order, Defendants shall cease the violations at 52 and 68 North Cove Road by, including but not limited to, removing all vehicles and fill material from 52 North Cove Road to restore the property to its use as a vacant lot and by complying with Zoning Permit 08-246CA at 68 North Cove Road by, including but not limited to, obtaining a Certificate of Occupancy.

Within 30 days of this Order, pursuant to 24 V.S.A. § 4451 and CDO § 2.7.7(b), Defendants shall pay to the City a fine of $ 10,660.00.

Electronically signed on January 23, 2015 at 11:04 AM pursuant to V.R.E.F. 7(d).

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division

8