## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Environmental Division Unit | ENVIRONMENTAL DIVISION<br>Docket No. 68-6-15 Vtec |
| Town of Brattleboro,<br>    Plaintiff<br><br>v.<br><br>Steve Lawrence,<br>    Defendant | JUDGMENT ORDER |

The Court held a merits hearing in this matter on October 13, 2015 at the Vermont Superior Court, Civil Division, Newfane, Vermont. Property owner/Defendant Steve Lawrence, representing himself, and the Town of Brattleboro (Town), represented by its lawyer Michael S. McGillion, were present at the trial.

After both parties had a full opportunity to present evidence, the Court took a brief recess to review the evidence, conduct legal research, and deliberate. The Court then reconvened the hearing and announced its Findings of Fact, Conclusions of Law, and Order on the record. This Judgment Order is provided as a summary of those Findings and Conclusions and to satisfy the Court's obligation under Vermont Rule of Civil Procedure 58. To the extent that the reader wishes to review the Court's Findings and Conclusions, the reader is referred to the audio record of the October 13, 2015 hearing.

This in an enforcement action initiated by the Town alleging that Steve Lawrence violated a September 8, 2010 Development Review Board (DRB) decision that granted site plan approval "to convert a secondary structure into four dwelling units; create two to three parking places; change the use of an eight dwelling unit building into nine dwelling unit building at 15-17 Elm Street, Brattleboro." (Pl.'s Ex. 3, Brattleboro Development Review Board Decision, September 8, 2010). The Town alleges that Mr. Lawrence violated condition number 4, which states, in pertinent part:

> 4. Both buildings shall have either a fire alarm system tied in to the Brattleboro Fire Department Dispatch or a sprinkler system; either system will require review by the Brattleboro Fire Department.

Id.

Mr. Lawrence had the required fire alarm system installed sometime in 2013 by Countryside Lock & Alarms.  After installation of the fire alarm system, the Town issued a certificate of occupancy for the ninth dwelling unit.  This ninth unit was previously approved for commercial use, and, therefore, the September 8th site plan approval allowed the conversion of this unit from commercial to residential use.

Subsequent to the issuance of the certificate of occupancy for the ninth dwelling unit, the Town discovered that the fire alarm system had been disconnected from its power source and was thus non-operational. On March 10, 2015, the Town's Zoning Administrator, Brian Bannon, issued a Notice of Violation (NOV) to Mr. Lawrence for the failure to maintain the required fire alarm system.  During trial, the Town argued that Mr. Lawrence violated condition four by allowing power to the fire alarm to be "shut off."  Mr. Lawrence argued that the power interruption was caused by vandalism.[1]  By April 13, 2015, Mr. Lawrence cured the violation by restoring power to the fire alarm system, and the Fire Department completed the required inspection.

The NOV was served on Mr. Lawrence at two known addresses by both certified mail and first class mail.  The certified mail was unclaimed and returned to the Town.  The first class mail was not returned to the Town, and therefore we presume it was delivered to Mr. Lawrence.  Mr. Lawrence claims that he did not timely receive the NOV.  Mr. Lawrence, however, is not new to owning investment real estate and the obligations associated with owning real estate.  Furthermore, Mr. Lawrence has been involved with prior enforcement matters, and, therefore, he is aware of the need to timely receive mail or ensure an authorized designee is available to receive notice of problems with the real estate.  Based on the evidence, we conclude that the Town used reasonable efforts to serve Mr. Lawrence with the NOV.  Mr. Lawrence did not appeal the NOV or timely cure the alleged violation.  We therefore additionally conclude that the violation as set forth in the NOV is final and binding.

---

[1] The Town also asserted that Mr. Lawrence violated condition four by not installing a strobe light to provide notice of a power failure to the fire alarm system.  Condition four does not require a strobe light, and therefore, the strobe light cannot be a basis of a violation in this matter.  We note that although Mr. Lawrence did not agree that a strobe light was required, he acquiesced to the Fire Department's request that a strobe light be added and he installed this feature by August 26, 2015.

24 V.S.A. § 4451(a) provides that this Court may impose a penalty of not more than $200.00 for each offense and that each day that a violation is continued shall constitute a separate offense. We have held that this provision implies that "we reserve a fine of [$200.00] per day for the most egregious of zoning infractions." In re Huntington NOV Appeal and Town of Bradford v. Huntington, Nos. 204-8-06 Vtec and 209-9-06 Vtec, slip op. at 8 (Vt. Envtl. Ct. Mar. 18, 2008) (Durkin, J.). Furthermore, fines authorized by 24 V.S.A § 4451(a) are civil in nature; they must not be punitive and they must be "rationally related to the damages suffered from landowner's violation of [the] Town's bylaw." Town of Hinesburg v. Dunkling, 167 Vt. 514, 528 (1998).

When a municipality presents its zoning violation claims, this Court has "the discretion to determine the amount of [the] fine, and, in doing so, to balance any continuing violation against the cost of compliance and to consider other relevant factors, including those specified in the Uniform Environmental Enforcement Act." City of St. Albans v. Hayford, 2008 VT 36, ¶17, 183 Vt. 596 (quoting In re Jewell, 169 Vt. 604, 606–07 (1999) (mem.)). The Vermont Uniform Environmental Law Enforcement Act (10 V.S.A., chapter 201) provides guidance for the determination of fines for violations of environmental laws. See 10 V.S.A. § 8010(b). While Chapter 201 governs what fines may be imposed when *state* environmental protection laws are violated, these statutory considerations are useful and provide guidance when this Court is determining what fines should be imposed for the violation of municipal zoning laws. Hayford, 2008 VT 36, ¶17.

Based upon the evidence presented, and as expressed on the record of the October 13, 2015 hearing, we conclude that in this instance a fine of $50.00 per day is appropriate. The Town issued its NOV on March 10, 2015. Pursuant to 24 V.S.A.§ 4451(a), Mr. Lawrence had seven days to cure this violation. He did not cure the violation within seven days. Thus, Mr. Lawrence is liable for the daily fine beginning on March 17, 2015 and continuing until April 13, 2015, which we calculate to be a total of 27 days or $1,350.

The Court may additionally consider legal fees in assessing a fine for municipal zoning violations, provided the total fine remains within the statutory cap of $200 per day of violation. Town of Hinesburg, 167 Vt. at 528–29. It is clear that the Town incurred considerable expense, including expenditures for both legal services and staff time and resources, to compel Mr. Lawrence's compliance. Based upon the Town's uncontroverted evidence, its costs of legal services totaled $5,678.48. A significant portion of this expense was incurred subsequent to the date of Mr. Lawrence's cure of the violation. This, considered with the brief period of

violation and the fact that there was a separate and functioning fire alarm system within the nine-unit structure during the violation period, leads the Court to conclude that this enforcement action does not warrant this level of legal expense. Accordingly, the Court awards reimbursement of fifty percent of the Town's legal expenses or $2,839.24.

Thus, **we assess a total fine against Mr. Lawrence of $4,189.24 to be paid within 30 days of this decision becoming final**.

The Town also requested an injunction requiring Mr. Lawrence to maintain a functioning fire alarm system. An injunction is an equitable remedy commonly imposed to prevent irreparable injury. Where there is a plain, adequate and complete remedy at law, an injunction is inappropriate. The Town's September 8, 2010 site plan approval requires a functioning alarm system. Mr. Lawrence is presently in compliance with this condition. Through its enforcement powers within Title 24 and pursuant to its zoning ordinance, the Town may initiate future enforcement actions for any compliance issues. At this time an injunction is unnecessary and the Town's request is **DENIED**.

This completes the current proceedings before the Court.

Electronically signed on October 19, 2015 at 04:11 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division