# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 131-10-17 Vtec

---

| Town Clarendon v Houlagans MC Corp of VT |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal Enforcement (131-10-17 Vtec)

Title:        Motion to Impose Fines & Assess Costs (Motion 5)
Filer:        Town of Clarendon
Attorney:   William J. Bloomer
Filed Date:  March 12, 2018

Response filed on 03/28/2018 by Attorney Matthew G. Hart for Defendant Houlagans MC Corp of VT

**The motion is GRANTED IN PART and DENIED IN PART.**

Plaintiff Town of Clarendon (Town) seeks fines and costs in this municipal enforcement action.

Houlagans MC Corp of VT (Defendant) is the owner of the subject real property located at 754 Cold River Road in Clarendon, Vermont. The property is in an Agricultural and Rural Residential zone. The Clarendon Zoning Regulations do not identify a clubhouse as a permitted, conditional or exempt use in that zone, and it is therefore prohibited. After purchasing the above-described property, in reliance on the advice of its lawyer, Defendant began using one or more of the structures on the property as a clubhouse.

After being informed by the Clarendon Zoning Administrator that its use of the property was unpermitted, Defendant submitted a Building Permit Application dated May 12, 2017, along with a Building/Land Use Permit Application and a cover letter explaining that the use was to be expanded to include a "membership clubhouse." The Clarendon Zoning Administrator denied the expansion of use on May 16, 2017. Notice of the decision of the zoning administrator was sent to Defendant and its attorney by certified mail on or about May 16, 2017. Defendant did not appeal the May 16, 2017 decision of the zoning administrator to the Clarendon Board of Zoning Adjustment.

1

The Town offers that Defendant continued to use the Cold River Road property for club activities after the zoning permit was denied. The Clarendon Zoning Administrator notified Defendant by a notice of violation (NOV) letter dated June 22, 2017 that the club activities at this location were in violation of the Clarendon Zoning Regulations, and that it had seven days to cure the violation. The NOV was sent by Certified Mail, Return Receipt Requested and appears to have been signed for by Defendant's secretary. The NOV advised that Defendant had fifteen (15) days to appeal the NOV to the Clarendon Zoning Board of Adjustment. No appeal was filed.

The Town then filed this enforcement action on October 12, 2017. Defendant failed to Answer or otherwise timely appear in this matter and on December 15, 2017, we granted default judgment in the Town's favor. On March 12, 2018, the Town filed this present motion for fines and costs. On March 28, 2018, Defendant filed its opposition to the request for fines and costs.

In support of its motion the Town offers affidavits from three neighbors of the subject property. These neighbors assert that Defendant has used the subject property for club activities starting in June 2017 and continuing through February 2018. The specific activity includes motorcycles and vehicles traveling to and from the property, music, bonfires, shouting and yelling including at times that were late at night and early morning.

In opposition to the Town's motion, Defendant offers an affidavit of the President of the Defendant. The affidavit asserts that all club activities have taken place at 37 Cain Street, Proctor, Vermont and not at the subject property. Defendant acknowledges that some club members and members of the community were allowed to use the subject property for storage and to work on motorcycles up until January 15, 2018; however, these were not club activities. On January 15, 2018, Defendant began leasing the subject property to two club members who use the property for agriculture and storage.

In further opposition to the Town's motion, Defendant offers that at the time it purchased the subject property it's lawyer opined that the property was zoned for and could be used for private club activity. This is akin to an admission of the violation; and regardless of this admission, based on the default judgment the finding of a violation is final.

This Court has "the discretion to determine the amount of a fine, and, in doing so, to balance any continuing violation against the cost of compliance and to consider other relevant factors, including those specified in the Uniform Environmental Law Enforcement Act." City of St. Albans v. Hayford, 2008 VT 36, ¶ 17, 183 Vt. 596 (citing In re Jewell, 169 Vt. 604, 606–07 (1999)); see also 10 V.S.A. § 8010(b) (listing factors to consider when assessing administrative

2

penalties).  In this analysis, we consider the parties' supporting and opposing memoranda and accompanying affidavits.

The Clarendon Zoning Regulations provide for a penalty of up to $100.00 per day for violation of the regulations.  We note that the enabling statute, 24 V.S.A. § 4451(a), authorizes assessment of up to $200 per day offense.   In addition to fines, the Town seeks reimbursement of its attorney fees and other costs of enforcement.  The Town has incurred $2,996.72 in costs and legal fees in this matter.

In our considering enforcement matters, we consistently conclude that Section 4451(a) implies that "we reserve a fine of [$200.00] per day for the most egregious of zoning infractions." In re Huntington NOV Appeal and Town of Bradford v. Huntington, Nos. 204-8-06 Vtec and 209-9-06 Vtec, slip op. at 8 (Vt. Envtl. Ct. Mar. 18, 2008) (Durkin, J.); see also Town of Hinesburg v. Dunkling, 167 Vt. 514, 529 (1998).  Fines authorized by 24 V.S.A § 4451(a) are civil in nature; they must not be punitive and they must be "rationally related to the damages suffered from landowner's violation of [the] Town's bylaw." Dunkling, 167 Vt. at 528.  It is clear that the Town has incurred considerable expense, including expenditures for both legal services and staff time and resources, to compel Defendants' compliance, and that Defendants' non-compliance caused disturbance for neighboring properties.

We also note that the Uniform Environmental Law Enforcement Act, 10 V.S.A.§ 8010(b), sets forth seven factors for consideration in determining the appropriate penalty for violating environmental laws and regulations.[1]  These factors include:

1.      The degree of actual or potential impact on public health, safety, welfare, and the environment resulting from the violation.  There is no evidence of adverse impact beyond a short period of annoyance to neighboring properties.

2.      The presence of mitigating circumstances, including unreasonable delay in seeking enforcement.  Defendant reasonably relied on the advice of counsel and once it was determined to be incorrect, Defendant ceased its activities.

3.      Whether the respondents knew or had reason to know the violation existed. Again, Defendant reasonably relied on the advice of counsel and once it was determined to be incorrect, Defendant ceased its activities.

4.      Respondents' record of compliance.  There is no evidence of past violations.

---

[1] Section 8010(b) expressly applies to violations of state environmental law; however, we have used these factors for considering municipal violations.  See City of St. Albans v. Hayford, 183 VT 596 (2008).

5. The deterrent effect of the penalty. There is no need for deterrent is this matter.

6. The Town's cost of enforcement. The Town's costs and legal fees in this matter total $2,996.72 which are reasonable in light of the facts of this matter.

7. The length of time the violations existed. The violating use existed for a short period of time. We note that the neighbors allege continuing use beyond December 15, 2017. There is no evidence that that use was that of Defendant. The specific use of motorcycles and vehicles traveling to and from the property, music, bonfires, shouting and yelling is not presumptively that of the club. Absent more direct evidence of club use, we decline to find a continuing violation.

Therefore, in light of the injunctive relief requiring Defendants to cease all continuing violations, and based on factors set forth in 10 V.S.A. § 8010(b), we conclude that in this matter a fine is not appropriate. Reimbursement of the Town's fees and costs is warranted, in part because Defendant failed to timely appear and acknowledge or respond to the Town's NOV or this enforcement action.

<u>Conclusion</u>

Based upon the above findings and conclusions, the Court **GRANTS**, in part, the Town's motion seeking reimbursement of its costs incurred in this action, but **DENIES**, in part, the request for fines. Within 60 days of this Order, Defendants shall pay to the Town $ 2,996.72.

So ordered.

**Electronically signed on June 14, 2018 at 12:48 PM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
William J. Bloomer (ERN 3734), Attorney for Plaintiff Town of Clarendon
Matthew G. Hart (ERN 3613), Attorney for Defendant Houlagans MC Corp of VT

4