Filed 03/27/25

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 23-ENV-00127

| | |
|---|---|
| Town of Richford,<br>          Plaintiff,<br><br>          v.<br><br>Erika Spencer,<br>          Respondent. | **MERITS DECISION** |

This is a zoning enforcement action commenced by the Plaintiff, Town of Richford (Town), against Respondent, Erika Spencer, by complaint filed November 9, 2023 for zoning violations occurring on the property located at 144 Main Street in Richford, Vermont (the Property).

The Court held a merits hearing via the Webex platform on March 27, 2025. The Town participated through Attorney Kristen Shamis. Respondent did not appear for the hearing despite receiving prior notice from the Court and multiple attempts at correspondence from the Town. The Court proceeded to take evidence despite Respondent's failure to appear.[1]

### Findings of Fact

1. This is a zoning enforcement action commenced by the filing of a complaint by the Town of Richford (Town) against Erika Spencer (Respondent) for violations of the Town of Richford Zoning Bylaws (the Bylaws). The Bylaws were admitted into evidence as Exhibit A.

2. Respondent owns real property located at 144 Main Street in the Town.

---

[1] This enforcement action has been pending for nearly two years. The parties initially reported that they were in ongoing settlement negotiations and were close to reaching an agreement. However, at a status conference on November 4, 2024, the Town reported that settlement negotiations were unsuccessful and that it wished to move forward with a merits hearing. Respondent did not attend the November 4 status conference, nor was she present at the final pretrial conference on March 3, 2025. The Court has not received any communication from Respondent since her participation at an April 29, 2024 status conference.

3. On July 13, 2023, John Libby, the Richford Zoning Administrator, sent a Notice of Violation (NOV) addressed to Respondent via certified mail.[2] Exhibit B.

4. The NOV listed the following three violations of the Bylaws: (1) excessive trash scattered around the yard and a junk motor vehicle in violation of Section 4.9 of the Bylaws; (2) open burning in violation of Section 4.7 of the Bylaws; and (3) landscaping not being maintained in violation of section 4.12 of the Bylaws.

5. The NOV described how to cure the violations and provided seven days in which to do so.

6. The seven-day period to cure the violations identified in the NOV expired on July 20, 2023.

7. The NOV contained information about appeal rights and stated that failure to appeal would render the NOV as a final decision on the violations.

8. The 15-day period to appeal the NOV expired on July 28, 2023.

9. Respondent did not appeal the NOV.

10. After Respondent failed to appeal the NOV, the Town's counsel also contacted Respondent by letter dated August 30, 2023, sent via certified mail, regarding the zoning violations. The August 30 letter notified Respondent that the NOV was final, but provided her with additional time, until September 15, 2023, to bring the property into compliance before the Town would file an enforcement action. Exhibit C. Respondent did not bring the property into compliance.

11. The Zoning Administrator lives five houses down from Respondent and is acutely familiar with the Property. He first noticed zoning violations occurring on the Property in 2021. Exhibit G.

12. The Zoning Administrator drives by the Property regularly and has observed that the violations at issue in the NOV have been ongoing and continuous since the NOV was issued.

13. The Zoning Administrator took photographs of the Property on February 12, 2024, June 5, 2024, and in March of 2025. Exhibits D–F.

14. The photographs depict trash scattered around the lawn and on the front porch, as well as junk motor vehicles, uncut grass, and several tire tracks running across the lawn and over the sidewalk.

15. On at least one occasion, smoke from an open fire has blown across the road, impacting a nearby church.

16. Since issuing the NOV, the Zoning Administrator has received complaints from neighbors regarding open burns, trash, and excessive noise coming from the Property.

---

[2] The Town made multiple attempts to deliver the NOV to Respondent by both certified and First-Class Mail.

17. Respondent has not attempted to communicate with the Town or the Court, or to take any meaningful corrective action, for a significant period of time.

18. As of March 20, 2025, the Town has incurred more than $4,500 in legal expenses in connection with this enforcement action. The Town seeks to recover those legal fees, which are set forth in Exhibit J.

19. In addition to fines and penalties, the Town seeks injunctive relief in the form of an order that Respondent cease all violations that were listed in the NOV.

## Discussion

In a zoning enforcement action, the Town carries the burden of proving the existence of a violation. See In re Transtar, LLC, No. 46-3-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 15, 2011) (Durkin, J.) (explaining that in a zoning enforcement action, the Town bears the burden of proof). Where, as here, the NOV was never appealed, the Town merely needs to show that the violations are ongoing and continuous for the period in which the Town seeks penalties. As the Vermont Supreme Court has explained, municipalities "need not produce evidence of a continuing violation for each and every day." City of Burlington v. Sisters & Brothers Inv. Grp., LLP, 2023 VT 24, ¶ 15 (quoting In re Jewell, 169 Vt. 604, 606 (1999)). Instead, municipalities may sustain their burden of proof with evidence that "weave[s] a sufficient pattern of violations for the court to infer a continuing violation for some or all of the period for which the [municipality] requests that the court impose penalties." Id.

By failing to timely appeal the NOV, that decision is now final and binding. 24 V.S.A. § 4472(d). The Town provided credible documentary evidence and testimony that those violations listed in the NOV are ongoing and continuous up to and including the date of trial. The seven-day cure period provided in the NOV expired on July 20, 2023. Trial was held on March 27, 2025. Accordingly, Respondent is liable for 616 days of violations. 24 V.S.A. § 4451(a) (Any person who violates any bylaw after it has been adopted under this chapter or who violates a comparable ordinance or regulation adopted under prior enabling laws shall be fined not more than $200.00 for each offense. No action may be brought under this section unless the alleged offender has had at least seven days' warning notice by certified mail.).

When determining the amount of a fine for a zoning violation under 24 V.S.A. 4451, the Court has broad discretion once it has determined the existence of the zoning violation. Sisters and Brothers Inv. Grp., 2023 VT 24, ¶ 18. Typically, the Court considers several relevant factors, including: (1) the

actual or potential impact on public health, safety, welfare, and the environment; (2) the presence of mitigating circumstances; (3) whether respondent knew or had reason to know the violation existed; (4) the respondent's record of compliance; (5) the deterrent effect of the penalty; (6) the Towns actual costs of enforcement; and (7) the length of time the violation existed.  Id.; 10 V.S.A § 8010.

The Town provided limited evidence regarding the first factor, and the Court is not convinced that the violations at issue here present an especially significant or substantial impact on public health, safety, or the environment.[3]  However, if nothing else, the accumulation of trash and junk on the Property has resulted in objectionable conditions that may adversely affect the use and enjoyment of nearby properties, as evidenced by the complaints of neighbors, and that may have a generally adverse environmental impact on the community.

Because Respondent did not appear, we received no evidence of mitigating circumstances.

While we are unaware of Respondent's knowledge of the violations prior to the issuance of the NOV, the lengthy history of this case demonstrates a poor record of compliance.  Respondent's active participation in this enforcement action may have been a determinative factor in our calculation of penalties.  However, Respondent's failure to engage with the Town and make good faith efforts to clean up the Property demonstrates a poor record of compliance.  There is no apparent reason why these violations could not have been remedied sooner.  This factor weighs in favor of a meaningful penalty.  Similarly, we endeavor to reach a penalty amount which hopefully leads to compliance and deters future violations.

Lastly, as of March 20, 2025, the Town has incurred $4,502.90 in legal fees.  The Town will incur additional legal fees associated with trial preparation and participation.

Taking these factors into consideration, particularly the length of the violation, record of compliance, and the Town's costs of enforcement, we conclude that the facts of this case warrant a penalty amount of $10 per day.  The violations at issue occurred for 616 days, which leads to a total penalty of $6,160.

### Conclusion

Respondent is **ORDERED** to pay the Town $6,160 within 90 days of this Decision.

---

[3] For example, notwithstanding Respondent's failure to appeal the NOV, the Court questions whether failure to mow the lawn actually constitutes a violation of § 4.12 of the Zoning Bylaws and whether such a violation, if it exists, has any substantial impact on public health, safety or the environment.  Indeed, as evidenced by the so-called "No Mow May" movement, there is a school of thought that eliminating or sharply reducing lawn mowing could bring about significant environmental benefits.

In addition, the Town is entitled to injunctive relief requiring Respondent to comply with the Bylaws. Accordingly, Respondent is **ORDERED** to bring the Property into compliance with the provisions of the Bylaws that are identified in the NOV within 60 days of this Decision. To the extent that Respondent has any questions regarding what steps she must take to bring the Property into compliance, she shall promptly communicate those questions to the Town.

Electronically signed on March 27, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division